UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 24-34840 |
| JUSTIN MICHAEL WHITWORTH | § | (Chapter 7) |
| | § | |
| DEBTOR | § | JUDGE ISGUR |

**APPLICATION TO EMPLOY TPS-WEST LLC
AS ACCOUNTANT TO THE TRUSTEE**

| | |
|---|---|
| NAME OF THE TRUSTEE: | Randy W. Williams |
| PROFESSIONAL TO BE EMPLOYED: | TPS-West LLC |
| REASON EMPLOYMENT IS NEEDED: | Preparation of tax returns |
| COMPENSATION AGREEMENT: | Hourly fee basis subject to Court approval |
| TRUSTEE'S REASON FOR SELECTION: | The personnel of TPS-West LLC have a great deal of experience involving bankruptcy litigation support and bankruptcy & insolvency tax matters |

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Randy W. Williams, chapter 7 trustee for the above-captioned Debtor (the "Trustee"), files this application ("Application") to employ TPS-West LLC Certified Public Accountants ("TPSW") as accountant to the Trustee and respectfully states the following:

**JURISDICTION**

1.      This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue of the Debtor chapter 7 case ("Chapter 7 Cases") in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the relief sought is §§ 327(a), 330, and 704 and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## BACKGROUND

4. On October 16, 2024 ("Petition Date"), the Debtor(s) filed a voluntary petition under chapter 7 of the Bankruptcy Code.

5. The Trustee seeks to employ TPSW as accountant because they may be needed to perform the following services:

a. Prepare Federal and/or State Tax Returns as required and to represent the Trustee in audits and other dealings with the Internal Revenue Service and other government authorities in tax-related matters for this bankruptcy case;

b. Reconstruct the books and records of the Debtor(s) to the extent necessary.

## BASIS FOR RELIEF

6. Section 327(a) of the Bankruptcy Code authorizes a trustee to employ accountants that do not hold or represent an interest adverse to the debtor's estate and that are disinterested persons to assist with duties under the Bankruptcy Code. Section 704(a) of the Bankruptcy Code establishes the Trustee's duties. The Trustee's duties include investigating the financial affairs of the debtor 11 U.S.C. § 704(a)(4). The Trustee's retention of TPSW is necessary to enable the Trustee to fulfill duties under the Bankruptcy Code and is in the best interest of the Debtor's estates.

7. The Trustee seeks to retain TPSW as accountant to the Trustee to perform the services described above, with Richard P. Anderson acting as lead accountant for the Trustee.

8. TPSW's services are necessary for the administration of the bankruptcy estate. The Trustee requires the assistance of an accountant to prepare the Debtor's tax returns.

9. TPSW maintains a team of qualified professionals with substantial experience providing accounting services. The firm's personnel have experience in bankruptcy accounting, reporting, and compliance with the requirements of Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Engagements are supervised by senior-level professionals and tasks are performed by appropriately qualified personnel to ensure efficiency, proper oversight, and

adherence to applicable standards. A table identifying the firm's professional roles and applicable hourly rates is attached hereto as **Exhibit A.**

10. Richard P. Anderson, a partner of TPSW, has advised the Trustee that as set forth in his affidavit attached as **Exhibit B** (the "Anderson Affidavit"), TPSW: (i) has no connection with the Debtors, their creditors, their equity holders, or other parties-in-interest, or their respective attorneys or accountants, the United States Trustee for the Southern District of Texas ("U.S. Trustee"), or any person employed in the office of the U.S. Trustee in any matter related to the Debtors and their estates; (ii) does not hold any interest adverse to the Debtor's estate; and (iii) believes that it is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, and as required by § 327(a) of the Bankruptcy Code.  If any new material facts or relationships are discovered or arise, TPSW will promptly inform the Court as required by Bankruptcy Rule 2014(a). The Trustee's knowledge, information, and belief regarding the matters set forth herein are based, and made in reliance upon, the Anderson Declaration.

11. Accordingly, to the best of the Trustee's knowledge, information, and belief, based upon the representations made to the Trustee in the Anderson Affidavit, none of TPSW's past or current engagements appear to create an interest materially adverse to the interests of the Debtor's estates, its creditors, or its equity holders. As such, the Trustee believes that TPSW is disinterested and holds no interest materially adverse to the Debtor's estates.

12. Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of Texas Local Rules (the "Local Rules"), the guidelines (the "Guidelines") established by the U.S. Trustee, and any orders of the Court, the Trustee proposes to pay TPSW based on customary hourly rates represented in Exhibit A. The Trustee submits that TPSW's customary terms of reimbursement, compensation, and hourly rate are reasonable. TPSW will notify the Trustee and the U.S. Trustee of any change in the hourly rates charged by it for services rendered while this Chapter 7 Case is pending.

13.     TPSW intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including but not limited to §§ 330 and 331, and 503(a) and (b) of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines established by the U.S. Trustee, and any orders of this Court in this Chapter 7 Case, for all services performed and expenses incurred during its representation of the Trustee. Or in the alternative, Application to Employ and to Pay Accountant pursuant to BLR 2014-1(c) for the purpose of providing tax preparation and accounting services, without further notice, for the flat fee of $425.00 per tax return payable at the completion of a return, and which employment shall be for no longer than three (3) years.

14.     TPSW does not have any agreement or understanding between it and any other entity for the sharing of compensation received or to be received for services rendered in connection with its representation of the Trustee in this case.

### NO PRIOR REQUEST

15.     No prior motion or application for the relief requested herein has been made to this Court.

### CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto, approving the retention by the Trustee of TPSW and granting such other and further relief as the Court may deem just and proper.

Dated: July 20, 2026

*/s/ Randy W. Williams, Trustee*
Randy W. Williams,
Chapter 7 Trustee
7924 Broadway, Suite 104
Pearland, TX 77581
(281) 884-9262

## **CERTIFICATE OF SERVICE**

I certify that on July 20, 2026, I caused a true and correct copy of the foregoing Application to be served on the U.S. Trustee and those parties as required under Federal Rule of Bankruptcy Procedure 2014, Local Rule 2014, and Local Rule 9013-1(e).

*/s/ Richard P. Anderson*
Richard P. Anderson

## Exhibit A

| Professional Role | Hourly Rate Range |
|---|---|
| Partner / Director | $300.00 - $350.00 |
| Manager | $260.00 - $300.00 |
| Senior Accountant | $220.00 - $250.00 |
| Staff Accountant | $180.00 - $210.00 |
| Paraprofessional | $120.00 - $170.00 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re: §
§
**JUSTIN MICHAEL WHITWORTH** § **CASE NO. 24-34840**
§ **(Chapter 7)**
§
**DEBTOR** § **JUDGE ISGUR**

## AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared Richard P. Anderson, who being by me duly sworn stated: I, RICHARD P. ANDERSON

I. am a Certified Public Accountant, experienced in rendering public accounting services employed with the accounting firm of TPS-West LLC. and am authorized to make this Affidavit on such firm's behalf.

2. have read the Trustee's Application to Employ Accountant.

3. am willing to accept employment by the Trustee, on the basis set forth in the annexed application. To the best of my knowledge, information and belief, this accounting firm, its members and associates, are disinterested persons within the meaning of 11 U.S.C. § 101 (14). This firm represents no interest adverse to the Trustee or the estate in the matters upon which this firm is to be engaged by the Trustee, and this firm has no connections with the Debtor(s), any creditors, any other parties in interest, or their respective attorneys and accountants, the United States trustee or any persons employed in the office of the United States Trustee.

   In addition, the firm and its members have no connections with the U.S. Trustee or its employees other than in their official capacity. I have represented and currently represent the Trustee in other bankruptcy cases. I do not believe any conflict exists which precludes my representation of the Chapter 7 Trustee in this case.

Richard. Anderson, CPA
TPS-West LLC
10260 Westheimer Rd., Suite 210
Houston, TX 77042

Sworn and subscribed to before me by Richard P. Anderson, on this the 17th day of July, 2026.

NATALIE S. HINSON
My Notary ID# 124614195
Expires July 10, 2027

Notary Public State of Texas

Exhibit B, page 1 of 1