**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE** | § | |
| | § | **CASE NO. 24-34840** |
| **JUSTIN MICHAEL WHITWORTH** | § | **CHAPTER 7** |
| | § | |
| **DEBTOR** | § | **JUDGE MARVIN ISGUR** |

# OBJECTION TO PROOF OF CLAIM NUMBER TWO FILED BY DREAMERS LAND AND MINERALS

**THIS IS AN OBJECTION TO YOUR CLAIM. THIS OBJECTION ASKS THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**To the Honorable Marvin Isgur,**
**United States Bankruptcy Judge**:

COMES NOW Randy W. Williams, Chapter 7 Trustee (the "Trustee") of the above-referenced bankruptcy case and would show as follows:

## A. Jurisdiction, Venue and Constitutional Authority

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and/or (B) and arises in and/or under Title 11. The statutory predicate for the relief sought herein is 11 U.S.C. § 502 and Federal Rule of Bankruptcy Procedure 3007.

2. Venue is proper under 28 U.S.C. §§ 1408 and/or 1409.

3. This Court has constitutional authority to enter a final order regarding this matter. This motion concerns essential bankruptcy matters which have no equivalent in state law thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 131 S.Ct. 2594 (2011)). In the alternative, all the matters addressed in this motion are essential bankruptcy matters which trigger the public rights exception. *See Id.*

## B. Background

4. On October 16, 2024 (the "Petition Date"), Justin Michael Whitworth (the "Debtor") filed for voluntary Chapter 7 bankruptcy protection. On the same date, Randy W. Williams, was appointed interim Trustee and thereafter qualified as permanent Trustee.

5. On February 11, 2025, Dreamers Land and Minerals ("Claimant") filed proof of claim number 2 asserting a total claim of $1,734,198.00 with $1,000,000 of that amount as a secured claim and the balance of $734,198.00 as general unsecured claim. The collateral alleged in this claim appears to be real property owned by a third party. See **Exhibit A** (POC "2").

## C. Objection

6. The Trustee objects to POC 2 on the basis that the Trustee has not, and will not, administer any real property in this case. Accordingly, there is no property of the estate to which any secured claim by Claimant can attach. Moreover, the real property alleged by Claimant as its collateral is not owned by the Debtor individually. POC 2 is not a secured claim in this bankruptcy case and, if allowed, should be reclassified as a general unsecured claim.

7. The Trustee further objects to POC 2 on the basis that the documents attached to the proof of claim in support of the debt alleged do not evidence personal liability by the Debtor for the debt alleged. Moreover, although one documents makes referenced to an alleged personal guaranty by the Debtor, that guaranty is not attached to the proof of claim. The Trustee requested a copy of the personal guaranty from the attorney for the creditor filing this proof of claim; however, as of the date of this objection that document has not been provided. The Trustee requests that POC 2 be denied.

WHEREFORE, PREMISES CONSIDERED, Randy W. Williams, Chapter 7 Trustee of the above referenced Estate, hereby objects to POC 2 and requests that it be denied. Alternatively, if the claim is allowed, the Trustee requests that it reclassified as a general unsecured claim in the amount stated and for such other and further relief to which entitlement may be shown.

Respectfully submitted,

*/s/ Marc Douglas Myers*

______________________________

Marc Douglas Myers
Ross, Banks, May, Cron & Cavin, P.C.
SBN 00797133
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com
COUNSEL FOR THE TRUSTEE

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2026, a true and correct copy of the foregoing was sent via regular US mail to the Debtor(s), counsel for the Debtor(s), the Trustee, counsel for the Trustee, the US Trustee, all creditors and all persons requesting notice as set forth in the attached unless otherwise served by the CM-ECF system.

*/s/ Marc Douglas Myers*

______________________________

Marc Douglas Myers

Daniel J. Ciment
Ciment Law Firm, PLLC
221 Bella Katy Drive
Katy, TX 77494-6821

Justin Michael Whitworth
1318 W Forest Drive
Houston, TX 77043-4537

Randy W Williams
7924 Broadway, Suite 104
Pearland, TX 77581-7933

US Trustee
515 Rusk Ave., Ste 3516
Houston, TX 77002-2604

Dreamers Land and Minerals
PO Box 2910
Bryan, Texas 77805

Dreamers Land and Minerals
c/o Frank Anderson
3448 Mahogany
Bryan, Texas 77807

**Fill in this information to identify the case:**

Debtor 1 Justin Michael Whitworth

Debtor 2 (Spouse, if filing) ______

United States Bankruptcy Court for the: Southern District of Texas

Case number 34-34840

Official Form 410

# Proof of Claim

12/15

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Dreamers Land and Minerals
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Dreamers Land and Minerals Inc
Name

PO Box 2910
Number Street

Bryan TX 77805
City State ZIP Code

Contact phone 979 571 3315

Contact email pwakefield@dreamerslm.com

**Where should payments to the creditor be sent?** (if different)

______
Name

______
Number Street

______
City State ZIP Code

Contact phone ______

Contact email ______

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☐ No
☑ Yes. Claim number on court claims registry (if known) 2.3 Filed on 10/16/2024 (MM / DD / YYYY)

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**

$ 1,734,198.00. **Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: ______________________

**Basis for perfection:** Note and Deed of Trust

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ 1,000,000.00

**Amount of the claim that is secured:** $ 1,000,000.00

**Amount of the claim that is unsecured:** $ 734,198.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ 1,734,198.00

**Annual Interest Rate** (when case was filed) 10.00 %

☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ______________________

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $________ |
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $________ |
| ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $________ |

* Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 02/11/2025
MM / DD / YYYY

Frank G Anderson III

Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Frank (First name) | G (Middle name) | Anderson III (Last name) |
| Title | Attorney | | |
| Company | | | |

Identify the corporate servicer as the company if the authorized agent is a servicer.

| | | | |
|---|---|---|---|
| Address | 3448 Mahogany (Number Street) | | |
| | Bryan (City) | TX (State) | 77807 (ZIP Code) |
| Contact phone | 713 502 5224 | Email | kftander3@gmail.com |

Proof of Claim Attachments

Case 24-34840

Justin Michael Whitworth/Worth Acquisitions LLC – Debtor

Dreamers Land and Minerals Inc - Creditor


Note Payable Balance .......... Pg 1

Second Lien Note Bona Fide Acquisitions to Dreamers Land and Minerals .......... 3

Note Modification and Extension Agreement .......... 5

Note Modification and Extension Agreement .......... 7

Secured Property Description .......... 9

Second Lien Deed of Trust Bona Fide Acquisitions LLC to Dreamers Land and Minerals .. 10

Assumption and Warranty Deed from Bona Fide Acquisitions to Worth Acquisitions LLC . 18

Release of First Lien .......... 23

Case No 24-34840

Proof of Claim Attachment

Note Payable Balance

Dreamers Land and Minerals Inc / Creditor

Justin Michael Whitworth / Worth Acquisitions LLC / Debtor

Effective August 1, 2015

10% interest, Quarterly Installment Note

| Filing Date Balance Due | $ 1,701,964.55 |
|---|---|

| Date | Principal | Interest | Payment | | Bal FwD | |
|---|---|---|---|---|---|---|
| 8/1/2015 | 800,000.00 | 0.00 | 0.00 | $ | 800,000.00 | |
| 11/1/2015 | 800,000.00 | 20,000.00 | 0.00 | $ | 820,000.00 | |
| 2/1/2016 | 820,000.00 | 20,500.00 | 0.00 | $ | 840,500.00 | |
| 5/1/2016 | 840,500.00 | 21,012.50 | 0.00 | $ | 861,512.50 | |
| 8/1/2016 | 861,512.50 | 21,537.81 | 0.00 | $ | 883,050.31 | |
| 11/1/2016 | 883,050.31 | 22,076.26 | 0.00 | $ | 905,126.57 | |
| 2/1/2017 | 905,126.57 | 22,628.16 | 0.00 | $ | 927,754.73 | Extension 1 |
| 5/1/2017 | 927,754.73 | 23,193.87 | 0.00 | $ | 950,948.60 | |
| 8/1/2017 | 950,948.60 | 23,773.72 | 0.00 | $ | 974,722.32 | |
| 11//1/17 | 974,722.32 | 24,368.06 | 0.00 | $ | 999,090.38 | |
| 2/1/2018 | 999,090.38 | 24,977.26 | 0.00 | $ | 1,024,067.64 | Extension 2 |
| 5/1/2018 | 1,024,067.64 | 25,601.69 | 0.00 | $ | 1,049,669.33 | |
| 8/1/2018 | 1,049,669.33 | 26,241.73 | 0.00 | $ | 1,075,911.06 | |
| 11/1/2018 | 1,075,911.06 | 26,897.78 | 0.00 | $ | 1,102,808.84 | |
| 2/1/2019 | 1,102,808.84 | 27,570.22 | 0.00 | $ | 1,130,379.06 | |
| 4/1/2019 | 1,130,379.06 | 18,839.65 | 21,164.40 | $ | 1,128,054.31 | Payment 1 |
| 5/1/2019 | 1,128,054.31 | 9,400.45 | 0.00 | $ | 1,137,454.76 | |
| 8/1/2019 | 1,137,454.76 | 28,436.37 | 0.00 | $ | 1,165,891.13 | |
| 11/1/2019 | 1,165,891.13 | 29,147.28 | 0.00 | $ | 1,195,038.41 | |
| 2/1/2020 | 1,195,038.41 | 29,875.96 | 0.00 | $ | 1,224,914.37 | |
| 5/1/2020 | 1,224,914.37 | 30,622.86 | 0.00 | $ | 1,255,537.23 | |
| 8/1/2020 | 1,255,537.23 | 31,388.43 | 0.00 | $ | 1,286,925.66 | |
| 11/1/2020 | 1,286,925.66 | 32,173.14 | 0.00 | $ | 1,319,098.80 | |
| 2/1/2021 | 1,319,098.80 | 32,977.47 | 0.00 | $ | 1,352,076.27 | |
| 5/1/2021 | 1,352,076.27 | 33,801.91 | 0.00 | $ | 1,385,878.18 | |
| 8/1/2021 | 1,385,878.18 | 34,646.95 | 0.00 | $ | 1,420,525.13 | |
| 11/1/2021 | 1,420,525.13 | 35,513.13 | 0.00 | $ | 1,456,038.26 | |
| 2/1/2022 | 1,456,038.26 | 36,400.96 | 0.00 | $ | 1,492,439.21 | |
| 5/1/2022 | 1,492,439.21 | 37,310.98 | 0.00 | $ | 1,529,750.20 | |
| 8/1/2022 | 1,529,750.20 | 38,243.75 | 0.00 | $ | 1,567,993.95 | |
| 11/1/2022 | 1,567,993.95 | 39,199.85 | 0.00 | $ | 1,607,193.80 | |
| 2/1/2023 | 1,607,193.80 | 40,179.84 | 0.00 | $ | 1,647,373.64 | |
| 5/1/2023 | 1,647,373.64 | 41,184.34 | 0.00 | $ | 1,688,557.98 | |
| 8/1/2023 | 1,688,557.98 | 42,213.95 | 0.00 | $ | 1,730,771.93 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 9/1/2022 | 1,730,771.93 | 14,423.10 | 222,077.32 | $ | 1,523,117.71 | Payment 2 |
| 11/1/2023 | 1,523,117.71 | 38,077.94 | 0.00 | $ | 1,561,195.66 | |
| 2/1/2024 | 1,561,195.66 | 39,029.89 | 0.00 | $ | 1,600,225.55 | |
| 5/1/2024 | 1,600,225.55 | 40,005.64 | 0.00 | $ | 1,640,231.19 | |
| 8/1/2024 | 1,640,231.19 | 41,005.78 | 0.00 | $ | 1,681,236.97 | |
| 10/15/2024 | 1,681,236.97 | 20,727.58 | | **$** | **1,701,964.55** | |

Payment History

| Date | Interest | Principal | | Payment Amount |
|---|---|---|---|---|
| 4/1/2019 | 18,839.65 | 2,324.75 | $ | 21,164.40 |
| 9/22/2022 | 14,423.10 | 207,654.22 | $ | 222,077.32 |

# SECOND LIEN NOTE

**$800,000.00** **BRYAN, TEXAS** **EFFECTIVE AUGUST 1, 2015**

**BONA FIDE ACQUISITIONS, LLC** (hereinafter called "Maker", whose mailing address is 4400 OLD COLLEGE ROAD, BRYAN, TEXAS 77801, whether one or more), jointly and severally, **FOR VALUE RECEIVED**, promise(s) and agree(s) to pay in installments and as herein provided unto the order of **DREAMERS LAND AND MINERALS, INC.**, (hereinafter called "Payee"), at P. O. Box 2910, BRYAN, TEXAS 77805, in lawful money of the United States of America, the principal sum of **EIGHT HUNDRED THOUSAND AND NO/100 DOLLARS ($800,000.00)**, together with interest on the Full Running Principal amount outstanding from time to time hereon from and after the date hereof until maturity as hereinafter provided.

**ANNUAL INTEREST RATE** on Full Running Principal from date of funding:
**TEN PERCENT (10.000%) PER ANNUM**

**AT THE TIME OF MATURITY** (February 1, 2017) and/or the declaration of default on this note, all past due principal and interest shall immediately begin bearing a post maturity/default interest rate of (18% per annum) or the highest rate permitted by applicable law until paid in full. Any such accrued interest shall also be added to the Full Running Principal amount on a daily basis and treated as unpaid principal and interest until entire amount is paid in full.

**THIS NOTE** is due and payable as follows: **INTEREST ONLY** SHALL BE DUE AND PAYABLE IN **QUARTERLY INSTALLMENTS**, BEGINNING ON **NOVEMBER 1, 2015**, AND CONTINUING **QUARTERLY** THEREAFTER UNTIL **FEBRUARY 1, 2017**, AS FOLLOWS:

1. November 1, 2015
2. February 1, 2016
3. May 1, 2016
4. August 1, 2016
5. November 1, 2016
6. February 1, 2017;

AT WHICH TIME THE ENTIRE AMOUNT OF PRINCIPAL AND INTEREST REMAINING UNPAID WILL **BALLOON** AND BE DUE AND PAYABLE. INTEREST WILL BE CALCULATED ON THE UNPAID FULL RUNNING PRINCIPAL TO THE DATE OF EACH INSTALLMENT PAID.

In the event Maker fails to timely make an interest payment by any amount of time past the due date, said late payment will be added to the Full Running Principal amount and Interest will accrue on the Full Running Principal until such interest is paid in full at the rate of this note of (10% per annum). Any such accrued interest shall also be added to the Full Running Principal amount on a daily basis and treated as unpaid principal and interest until the entire amount of late and accrued interest is paid in full. This provision does not apply to missing payment at date of maturity or declaration of default. In the event of a missing payment at date of maturity or declaration of default, please refer to paragraph three (3) of this document starting "**AT THE TIME OF MATURITY.**"

**SECURITY FOR PAYMENT:**

This note is secured by a Second Lien Deed of Trust of even date herewith, from **BONA FIDE ACQUISITIONS, LLC**, Maker, to **MICHAEL H. GENTRY, TRUSTEE** for the benefit of **DREAMERS LAND AND MINERALS, INC.**, Payee that conveys the following real property:

**(3410 E SH-21, BRYAN, BRAZOS COUNTY, TEXAS 77808)**

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES.**

**IF DEFAULT** is made in the payment of any installment of principal or interest hereof, as and when the same is or becomes due, or if default occurs under any instrument securing the payment hereof or executed in connection herewith, the owner and holder of this note may, without notice or demand (both of which are expressly waived by Maker), declare

all sums owing hereon at once due and payable. If default is made in the payment of this note at maturity (regardless of how its maturity may be brought about) and the same is placed in the hands of an attorney for collection, or suit is filed hereon, or proceedings are had in bankruptcy, probate, receivership, reorganization, arrangement, or other judicial proceedings for the establishment or collection of any amount called for hereunder, or any amount payable or to be payable hereunder is collected through any such proceedings, Maker agrees and is also to pay to the owner and holder of this note a reasonable amount as attorney's or collection fees.

MAKER, co-maker, signers, sureties, endorsers and guarantors, and each of them, expressly waive demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, notice of intent to accelerate the maturity hereof, notice of the acceleration of the maturity hereof, bringing of suit and diligence in taking any action to collect amounts called for hereunder and in the handling of securities at any time existing in connection herewith; and are and shall be jointly, severally, directed and primarily liable for the payment of all sums owing and to be owing hereon, regardless of and without any notice, diligence, act or omission as or with respect to the collection of any amount called for hereunder or in connection with any right, lien, interest or property at any and all times had or existing as security for any amount called for hereunder.

IT IS the intention of Maker and Payee to conform strictly to applicable usury laws. Accordingly, if the transactions contemplated hereby would be usurious under applicable law (including the laws of the State of Texas and the laws of the United States of America), then, in that event, notwithstanding anything to the contrary in any agreement entered into in connection with or as security for this note, it is agreed as follows: (i) the aggregate of all consideration which constitutes interest under applicable law that is taken, reserved, contracted for, charged or received under this note or under any of the other aforesaid agreements or otherwise in connection with this note shall under no circumstances exceed the maximum amount of interest allowed by applicable law.

THIS NOTE has been executed and delivered in and shall be construed in accordance with and governed by the laws of the State of Texas and of the United States of America, except that Tex. Rev. Civ. Stat. Ann. Art. 5069 Ch. 15, as amended (which regulates certain revolving credit loan accounts and revolving tri-party accounts) shall not apply hereto.

The lien(s) securing this note shall remain subordinate to the lien(s), as renewed, extended, reamortized, or otherwise adjusted from time to time, securing another NOTE dated JULY 1, 2014, in the original principal sum of EIGHT HUNDRED THOUSAND AND NO/100 DOLLARS ($800,000.00) executed by WORTH ACQUISITIONS, LLC, A TEXAS LIMITED LIABILITY COMPANY and payable to MARION VERNON STAWNICZ AND ARLENE PARCHMAN STAWNICZ, which is further secured by a DEED OF TRUST dated JULY 1, 2014, from WORTH ACQUISITIONS, LLC to GERRY M. BROWN, TRUSTEE, for the benefit of MARION VERNON STAWNICZ AND ARLENE PARCHMAN STAWNICZ, and filed for record in Volume 12128, Page 71, OFFICIAL Records of BRAZOS County, Texas.

DREAMERS LAND AND MINERALS, INC. agrees to subordinate the lien additionally secured by the Deed of Trust to AMERICAN MOMENTUM BANK or another lending institution chosen by Maker, to fund a construction loan in an amount not to exceed $____________________________.

BONA FIDE ACQUISITIONS, LLC
BY:

[signature]

JUSTIN M. WHITWORTH, MANAGING MEMBER

T:\MD\RE\TRANSACTIONS\WHITWORTH\DREAMERS LAND & MINERALS\3410 E SH-21\ (NOTE)

# MODIFICATION AND EXTENSION AGREEMENT

| | |
|---|---|
| Date: | 1st Day of February, 2017 to be effective February 1, 2017 |
| Holder of Note: | Dreamers Land and Minerals, Inc. |
| Holder's Mailing Address: | PO Box 2910, Bryan, TX 77805 |
| Obligor: | Bona Fide Acquisitions, LLC a Texas Limited Liability Company |
| Obligor's Mailing Address: | 4400 Old College Rd. Bryan, Texas 77801 |
| Date: | February 1, 2017 |
| Original Principal Amount: | EIGHT HUNDRED THOUSAND AND NO/100 DOLLARS ($800,000.00) |
| Borrower: | Bona Fide Acquisitions, LLC a Texas Limited Liability Company |
| Maturity date: | as therein specified |
| Unpaid Principal on Note: | $800,000.00 |
| Extended Maturity Date of Note: | February 1, 2018 |
| Modified Terms: | Interest will continue to be paid quarterly at TEN PERCENT (10%). Interest payments are due May 1, 2017, August 1, 2017, November 1, 2017, and the remaining interest and principal will be paid February 1, 2018. |

The Note is secured by a continuing Guaranty dated August 1, 2015, executed by Justin M. Whitworth for the benefit of Holder. Whether Obligor is primarily liable on the Note or not, Obligor nevertheless agrees to pay the Note and comply with the obligations expressed in any future lien instrument as described in the Note.

For value received, Obligor renews the Note and promises to pay to the order of Holder of Note, according to the Modified Terms, the Unpaid Principal and Interest on Note. All unpaid amounts are due by the Extended Maturity Date of Note.

The Note continues as written, except as provided in this agreement.

Obligor warrants to Holder of Note that the Note, as modified, is valid and enforceable and represents that it is not subject to rights of offset, recession, or other claims.

When the context requires, singular nouns and pronouns include the plural.

OBLIGOR:

Bona Fide Acquisitions, LLC,
a Texas Limited Liability Company

By: [signature]
Justin M. Whitworth, Member

HOLDER:

T. Parten Wakefield [signature]
T. Parten Wakefield, Dreamers Land and Minerals, Inc.

STATE OF TEXAS §

COUNTY OF §

This instrument was acknowledged before me on the 20th day of January, 2017 by **Justin M. Whitworth, Member of Bona Fide Acquisitions, LLC, a Texas Limited Liability Company.**

CHRISTINA LOUISE HANCOCK
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES 02-08-2020
ID # 12887542-1

NOTARY PUBLIC, STATE OF TEXAS

STATE OF TEXAS §

COUNTY OF §

This instrument was acknowledged before me on the 30th day of January 2017 by **T. Parten Wakefield, Member of Dreamers Land and Minerals, Inc..**

HALEY TAYLOR
NOTARY PUBLIC-STATE OF TEXAS
COMM. EXP. 09-20-2017
NOTARY ID 129567342

NOTARY PUBLIC, STATE OF TEXAS

# MODIFICATION AND EXTENSION AGREEMENT

| | |
|---|---|
| Date: | 1st Day of February, 2017 to be effective February 1, 2017 |
| Holder of Note: | Dreamers Land and Minerals, Inc. |
| Holder's Mailing Address: | PO Box 2910, Bryan, TX 77805 |
| Obligor: | Bona Fide Acquisitions, LLC a Texas Limited Liability Company |
| Obligor's Mailing Address: | 4400 Old College Rd. Bryan, Texas 77801 |
| Date: | February 1, 2017 |
| Original Principal Amount: | EIGHT HUNDRED THOUSAND AND NO/100 DOLLARS ($800,000.00) |
| Borrower: | Bona Fide Acquisitions, LLC a Texas Limited Liability Company |
| Maturity date: | as therein specified |
| Unpaid Principal on Note: | $800,000.00 |
| Extended Maturity Date of Note: | February 1, 2019 |
| Modified Terms: | Interest will continue to be paid quarterly at TEN PERCENT (10%). Interest payments are due May 1, 2018, August 1, 2018, November 1, 2018, and the remaining interest and principal will be paid February 1, 2019. |

The Note is secured by a continuing Guaranty dated August 1, 2015, executed by Justin M. Whitworth for the benefit of Holder. Whether Obligor is primarily liable on the Note or not, Obligor nevertheless agrees to pay the Note and comply with the obligations expressed in any future lien instrument as described in the Note.

For value received, Obligor renews the Note and promises to pay to the order of Holder of Note, according to the Modified Terms, the Unpaid Principal and Interest on Note. All unpaid amounts are due by the Extended Maturity Date of Note.

The Note continues as written, except as provided in this agreement.

Obligor warrants to Holder of Note that the Note, as modified, is valid and enforceable and represents that it is not subject to rights of offset, recession, or other claims.

When the context requires, singular nouns and pronouns include the plural.

OBLIGOR:

Bona Fide Acquisitions, LLC,
a Texas Limited Liability Company

By: Justin M. Whitworth
Justin M. Whitworth, Member

HOLDER:

T. Parten Wakefield
T. Parten Wakefield, Dreamers Land and Minerals, Inc.



7

STATE OF TEXAS §

COUNTY OF BRAZOS §

This instrument was acknowledged before me on the _21st_day of February 2018 by **Justin M. Whitworth, Member of Bona Fide Acquisitions, LLC, a Texas Limited Liability Company**.

ANDREW BLAKE SCHILLER
Notary ID #131374788
My Commission Expires
December 8, 2021

NOTARY PUBLIC, STATE OF TEXAS

STATE OF TEXAS §

COUNTY OF BRAZOS §

This instrument was acknowledged before me on the 26 day of February, 2018 by **T. Parten Wakefield, Member of Dreamers Land and Minerals, Inc..**

SHEREE BOEGNER
NOTARY PUBLIC
STATE OF TEXAS
MY COMMISSION EXPIRES
MAY 16, 2021
NOTARY ID 12942922-4

NOTARY PUBLIC, STATE OF TEXAS

Secured Property Description

Case 24-34840

Justin Michael Whitworth / Worth Acquisitions LLC – Debtor

Dreamers Land and Minerals Inc - Creditor

Lots 1 and 3 of 6 at 21 Commercial Subdivision, Bryan, Brazos County, Texas. Stephen F. Austin League No. 10 A-63. A subdivision submitted by Justin Whitworth on behalf of Worth Acquisitions LLC consisting of 7.219 acres out of the 8.35 acre tract in the S. F. Austin League No. 10, Abstract No.63 tract subject to Second Lien Deed of Trust to Dreamers Land and Minerals LLC.

Plat recorded in Volume 13311 Pages 81-82 Owner Records Brazos County Texas. Second Lien Deed of Trust recorded in Volume 12878 Pages 235-242 Owner Records of Brazos County, Texas.

All residual rights to the 8.35 acre tract described in Deed of Trust to Dreamers Land and Minerals Inc.

Doc Bk Vol Ps
01239984 OR 12878 235

NOTICE OF CONFIDENTIALITY RIGHTS: "IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER."

## SECOND LIEN DEED OF TRUST

**Date:** EFFECTIVE AUGUST 1, 2015

**Grantor:** BONA FIDE ACQUISITIONS, LLC
**Grantor's Mailing Address:** 4400 OLD COLLEGE ROAD, BRYAN, TEXAS 77801

**Trustee:** MICHAEL H. GENTRY
**Trustee's Mailing Address:** 1515 EMERALD PLAZA, COLLEGE STATION, TEXAS 77842-0310

**Beneficiary:** DREAMERS LAND AND MINERALS, INC.
**Beneficiary's Mailing Address:** P. O. Box 2910, BRYAN, TEXAS 77805

**Note(s)**
- **Date:** EFFECTIVE AUGUST 1, 2015
- **Amount:** EIGHT HUNDRED THOUSAND AND NO/100 DOLLARS ($800,000.00)
- **Maker:** BONA FIDE ACQUISITIONS, LLC
- **Payee:** DREAMERS LAND AND MINERALS, INC.
- **Final Maturity Date:** FEBRUARY 1, 2017
- **Terms of Payment:** AS THEREIN PROVIDED

**Property (including any improvements):**
(3410 E SH-21, BRYAN, BRAZOS COUNTY, TEXAS 77808)

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES.

**Prior Lien(s) (including recording information):**
PROMISSORY NOTE dated JULY 1, 2014, in the original principal sum of EIGHT HUNDRED THOUSAND AND NO/100 DOLLARS ($800,000.00) executed by WORTH ACQUISITIONS, LLC, A TEXAS LIMITED LIABILITY COMPANY and payable to MARION VERNON STAWNICZ AND ARLENE PARCHMAN STAWNICZ, which is further secured by a DEED OF TRUST dated JULY 1, 2014, from WORTH ACQUISITIONS, LLC to GERRY M. BROWN, TRUSTEE, for the benefit of MARION VERNON STAWNICZ AND ARLENE PARCHMAN STAWNICZ, and filed for record in Volume 12128, Page 71, OFFICIAL Records of BRAZOS County, Texas.

**Other Exceptions to Conveyance and Warranty:**
This conveyance is made and accepted subject to any and all covenants, conditions, restrictions, easements, right-of-way, mineral or royalty reservations and/or conveyances, and mineral leases, if any, in Grantor's chain of title, applicable to and enforceable against the above described property, to the extent, and only to the extent, that the same may still be in force and effect, shown of record in the office of the County Clerk of BRAZOS County, Texas.

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and pays the note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

**Grantor's Obligations**
Grantor agrees to:
1. keep the property in good repair and condition;
2. pay all taxes and assessments on the property when due;
3. preserve the lien's priority as it is established in this deed of trust;
4. maintain, in a form acceptable to Beneficiary, an insurance policy that:
   a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing;



STATE OF TEXAS
COUNTY OF BRAZOS
The foregoing is a true and correct copy of the original on file and recorded in the appropriate records of Brazos County, Texas
I hereby certify, on 1-8-25 PJG
County Clerk, Brazos County, Texas
Page 1 of 8

b. contains an 80% coinsurance clause;
c. provides fire and extended coverage, including windstorm coverage;
d. protects Beneficiary with a standard mortgage clause;
e. provides flood insurance at any time the property is in a flood hazard area; and
f. contains such other coverage as Beneficiary may reasonably require;

5. comply at all times with the requirements of the 80% coinsurance clause;
6. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration;
7. keep any buildings occupied as required by the insurance policy;
8. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all prior lien instruments;
9. furnish Beneficiary, monthly if requested by Beneficiary and in any event not less than annually on or before the anniversary day of this instrument, signed financial statements prepared in accordance with generally accepted accounting principles in a form that is deemed by Beneficiary to be satisfactory. "Financial statements" is herein defined to include, without being limited to, a balance sheet, an income statement, additional cash flow information as may be requested by Beneficiary, as well as a copy of the annual federal income tax return as filed with the Internal Revenue Service for each Grantor. Failure by Grantor to comply with this covenant shall constitute a default on the part of Grantor;
10. pay all attorney's fees as provided for in the note or notes secured hereby;
11. abide by all terms of the note or notes secured hereby; and
12. **keep all surface water rights and underground water rights appurtenant to the mortgaged premises unimpaired by conveyance, lien, sale, lease, option, lease option or other agreement of any kind.**

**Beneficiary's Rights**

1. Beneficiary may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.
2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.
3. Beneficiary may apply any proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.
4. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this deed of trust.
5. If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may:
   a. declare the unpaid principal balance and earned interest on the note immediately due;
   b. request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and,
   c. purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

**Trustee's Duties**

If requested by Beneficiary to foreclose this lien, Trustee shall:

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;
2. sell and convey all or part of the property to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty; and
3. from the proceeds of the sale, pay, in this order:
   a. expenses of foreclosure, including a commission to Trustee of 5% of the bid;
   b. to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;
   c. any amounts required by law to be paid before payment to Grantor; and
   d. to Grantor, any balance.

**General Provisions**

1. If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.
2. Recitals in any Trustee's deed conveying the property will be presumed to be true.
3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.



STATE OF TEXAS
COUNTY OF BRAZOS
The foregoing is a true and correct copy of the original on file and recorded in the appropriate records of Brazos County, Texas
I hereby certify, on 1-8-25 PSG
Karen McQueen
County Clerk,
Brazos County, Texas
Page 2 of 8

12



4. This lien shall remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.
5. If any portion of the note cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.
6. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums.
7. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the note or performance of this deed of trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.
8. Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law.
9. When the context requires, singular nouns and pronouns include the plural.
10. The term *note* includes all sums secured by this deed of trust.
11. This deed of trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.
12. If Grantor and Maker are not the same person, the term *Grantor* shall include Maker.
13. Grantor hereby represents and warrants to Beneficiary that the premises are not in violation of any applicable environmental, air quality, zoning, planning, building, health, fire, traffic, safety, wetlands, endangered species coastal and other governmental or regulatory rules, laws, ordinances, statutes, codes or requirements applicable to the premises. Grantor shall keep and maintain the premises in compliance with, and shall not cause or permit the premises to be in violation of any applicable environmental, air quality, zoning, planning, building, health, fire, traffic, safety, wetlands, endangered species, coastal and other governmental or regulatory rules, laws, ordinances, statutes, codes or requirements applicable to the premises. In the event Grantor discovers any previously unknown or undiscovered violation of the above rules, laws, ordinances, statutes, codes or requirements, Grantor shall immediately notify Beneficiary in writing and Grantor shall immediately take any such corrective action as may be necessary to bring the premises into compliance with the above described rules, etc. Grantor hereby grants Beneficiary an easement for access to all of its premises and facilities for the purpose of conducting investigations, inspections, audits, etc. in order to determine if any of the above rules, etc. have been violated. Upon Beneficiary's request, Grantor shall furnish to Beneficiary, at Grantor's sole cost and expense, an environmental audit of the premises performed by an auditor satisfactory to Beneficiary. Such audit must cover all applicable environmental requirements and be in form and substance satisfactory to Beneficiary. Grantor shall protect, indemnify and hold harmless Beneficiary, its directors, officers, employees, agents, successors and assigns from and against any and all loss, damage, cost, expenses or liability (including attorney's fees and costs) directly or indirectly arising out of or attributable to the use, generation, manufacture, production, storage, release, threatened release, discharge, disposal, or presence of any hazardous substance, lead paint, asbestos, etc. on, under or about the premises including without limitation (a) all foreseeable consequential damages; and (b) the costs of any required or necessary repair, cleanup or detoxification of the premises and the preparation and implementation of any closure, remedial or other required plans. This indemnity shall survive the release of the lien of this Deed of Trust, or the extinguishment of the lien by foreclosure or action in lieu thereof, and this covenant shall survive such release or extinguishment. This indemnity shall also supersede any "non-recourse" provisions found in this Deed of Trust, the note secured hereby, any guaranty agreements, or any other loan documents associated herewith. Grantor's failure to comply with any of the terms hereof shall be considered an event of "default" as described above. Beneficiary may further declare the note secured hereby due and payable if environmental contamination occurs or is discovered at any location, owned by Grantor or not, which might adversely affect: (a) the value of any collateral pledged to secure the note or (b) the Grantor's (including guarantors, parent companies, sibling companies, or subsidiary companies) financial condition or ability to repay the note.
14. Grantor further agrees that this Deed of Trust shall secure, in addition to the note herein described, all other indebtedness, of whatever kind and character, owing or which may hereafter become owing by the Grantor to



STATE OF TEXAS
COUNTY OF BRAZOS
The foregoing is a true and correct copy of the original on file and recorded in the appropriate records of Brazos County, Texas
Thereby certify, on 1-8-25 TSG
Karen McQueen
County Clerk,
Brazos County, Texas
Page 3 of 8

Doc Bk Vol Pg
01239984 OR 12878 238

Beneficiary, whether such indebtedness is evidenced by a note, open account, overdraft, endorsement, surety agreement, guaranty agreement, or otherwise, and whether such indebtedness is present or future, direct or indirect, primary or secondary, fixed or contingent or otherwise, and whether such indebtedness was originally owed to Beneficiary or owed to others and acquired by purchase or otherwise by Beneficiary, it being contemplated that the Grantor may now be or hereafter become indebted to Beneficiary in further sum or sums. Grantor further agrees that if any default ever occurs under any instrument, document or other writing whatsoever now or hereafter evidencing or securing any indebtedness now or hereafter secured by this Deed of Trust, then, in any such event, Beneficiary may at its option, (without demand, notice of any such default or event, notice of intent to accelerate maturity, notice of acceleration of maturity, presentment for payment or acceleration or any other act or notice whatsoever) declare immediately due and payable any and all indebtedness then secured hereby.

15. Grantor further agrees that in the event the Grantor should sell, assign, transfer or convey any interest in or to any of the property herein described, or should any other person or party otherwise acquire any interest whatsoever in or to the fee simple title to any of the property herein described, without the prior written consent of the then Beneficiary of said note, then, in any such event, such Beneficiary may, at its option (without demand, notice of any such default or event, notice of intent to accelerate maturity, notice of acceleration of maturity or presentment for payment or acceleration or any other act or notice whatsoever), declare immediately due and payable any and all indebtedness then secured hereby.

16. Beneficiary may set-off any amount Grantor owes Beneficiary under the note secured hereby (less any rebate required by law) against any right Grantor has to receive money from Beneficiary. This includes, any deposit account balance Grantor has with Beneficiary (including savings, checking, money market, and NOW accounts), any time deposit (including certificates of deposit), any money owed to Grantor on an item presented to Beneficiary or in Beneficiary's possession for collection or exchange, and any re-purchase agreement or other non-deposit obligation. If Grantor's right to receive money from Beneficiary is also owned by someone who has not agreed to pay this note, Beneficiary's right of set-off will apply to Grantor's interest in the obligation and to any other amounts Grantor could withdraw on Grantor's sole request or endorsement. Beneficiary's right of set-off does not apply to an account or other obligation where Grantor's rights are only as a fiduciary. It also does not apply to any IRA account or other tax-deferred retirement account. Beneficiary will not be liable for the dishonor of any check when the dishonor occurs because Beneficiary set-off this debt against any of Grantor's accounts. Grantor agrees to hold Beneficiary harmless from any claims arising as a result of Beneficiary's exercise of Beneficiary's right of set-off.

17. Provided there exists no event of default under the Note or this deed of trust, and provided no event has occurred that, with notice, passage of time, or both, will become an event of default, Grantor may have released from all liens securing the Note one or more lots out of the Property by paying to Lender the release price per lot as follows:

a) **Beneficiary agrees to release any portion of the collateral upon receipt of one hundred percent (100%) of the "Net Sales Proceeds" associated with the sale of said collateral being paid to Beneficiary. "Net Sales Proceeds" shall mean the gross sales price, less any required payment to the First Lien Holder, less reasonable and customary prorations and closing costs including reasonable third party brokerage commissions. Other terms and conditions concerning prepayment penalties are defined and set out in the Promissory Note secured by this Deed of Trust. Upon receipt, Beneficiary agrees to execute a partial release of lien for said portion of the collateral.**

b) **The release price paid by Grantor will be applied by Lender as a prepayment on the Note. All payments for partial releases will be applied as a prepayment on the note.**

18. **Grantor warrants and covenants to and with Beneficiary that the rights to surface and underground water as such are situated on or under the mortgaged premises are unimpaired by conveyance, lien, sale, lease, option, lease option or other agreement of any kind and that the lien of this Deed of Trust shall extend to and cover all rights in and to surface and underground water subject only to the rights of Grantor for Grantor's reasonable personal, recreational, domestic or agricultural use thereof on the premises.**

19. THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. BENEFICIARY IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL THEREFORE BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER WILLING TO LEND YOU THE MONEY AT PREVAILING MARKET RATES, WHICH MAY BE CONSIDERABLY HIGHER THAN THE INTEREST RATE ON THIS LOAN.

20. GRANTOR STIPULATES, AS EVIDENCED BY THE EXECUTION HEREOF, THAT THE ABOVE PARAGRAPHS AS TYPED IN CAPITAL LETTERS HAVE BEEN BROUGHT TO THE ATTENTION OF GRANTOR, AND THAT GRANTOR, FULLY UNDERSTANDING SAME, KNOWINGLY CONSENTS.

21. Grantor represents that this deed of trust and the note are given for the following purposes:

**The Note herein described represents funds advanced to Borrower on this day at Borrower's request and Borrower acknowledges receipt of such funds. Borrower states that Borrower does not now and does not intend ever to reside on, use in any manner, or claim the Property secured by this Deed of Trust as a business or residential homestead. Borrower disclaims all homestead rights, interests, and exemptions related to the Property.**



STATE OF TEXAS
COUNTY OF BRAZOS
The foregoing is a true and correct copy of the original on file and recorded in the appropriate records of Brazos County, Texas
Thereby certify, on 1-8-25 PDG
Karen McQueen
County Clerk,
Brazos County, Texas
Page 4 of 8

13

Doc 01239984 Bk OR Vol 12878 Pg 239

If default occurs in payment of any part of principal or interest of that certain PROMISSORY NOTE dated JULY 1, 2014, in the original principal sum of EIGHT HUNDRED THOUSAND AND NO/100 DOLLARS ($800,000.00) executed by WORTH ACQUISITIONS, LLC, A TEXAS LIMITED LIABILITY COMPANY and payable to MARION VERNON STAWNICZ AND ARLENE PARCHMAN STAWNICZ, which is further secured by a DEED OF TRUST dated JULY 1, 2014, from WORTH ACQUISITIONS, LLC, A TEXAS LIMITED LIABILITY COMPANY to GERRY M. BROWN, TRUSTEE, for the benefit of MARION VERNON STAWNICZ AND ARLENE PARCHMAN STAWNICZ, and filed for record in Volume 12128, Page 71, OFFICIAL Records of BRAZOS County, Texas, or in observance of any covenants of the Deed of Trust securing it, the debt secured by this Deed of Trust shall immediately become payable at the option of Beneficiary.

DREAMERS LAND AND MINERALS, INC. agrees to subordinate the lien secured by the Promissory Note to AMERICAN MOMENTUM BANK or another lending institution chosen by Maker, to fund a construction loan in an amount not to exceed $____________________.

This Deed of Trust is subject to the Environmental Exhibit as set out on Exhibit "B" attached hereto and made a part hereof.

WITNESS THE EXECUTION HEREOF as of the date first above written.

BONA FIDE ACQUISITIONS, LLC
BY:

JUSTIN M. WHITWORTH, MANAGING MEMBER

THE STATE OF TEXAS §

COUNTY OF BRAZOS §

This instrument was acknowledged before me, the undersigned authority, on this the 11th day of AUGUST, 2015, by JUSTIN M. WHITWORTH, MANAGING MEMBER of BONA FIDE ACQUISITIONS, LLC, a Texas limited liability company, on behalf of said Limited Liability Company, in the capacity therein stated.

CHRISTINA LOUISE HANCOCK
Notary Public, State of Texas
My Commission Expires
February 06, 2016

NOTARY PUBLIC, STATE OF TEXAS

PREPARED IN THE LAW OFFICE OF:
J. FRED BAYLISS, P.C.
3000 BRIARCREST DRIVE, SUITE 302
BRYAN, TEXAS 77802



STATE OF TEXAS
COUNTY OF BRAZOS
The foregoing is a true and correct copy of the original on file and recorded in the appropriate records of Brazos County, Texas
I hereby certify, on 1-8-25 POG
Karen McQueen
County Clerk,
Brazos County, Texas
Page 5 of 8

14

Doc 01239984 Bk OR Vol 12878 Pg 240

METES AND BOUNDS DESCRIPTION OF ALL THAT CERTAIN TRACT OR PARCEL OF LAND LYING AND BEING SITUATED IN THE S. F. AUSTIN LEAGUE NO. 10, ABSTRACT NO. 63, BRYAN, BRAZOS COUNTY, TEXAS. SAID TRACT BEING A PORTION OF A CALLED 18.20 ACRE TRACT AS DESCRIBED BY A DEED TO WAYNE C. FOX, TRUSTEE, RECORDED IN VOLUME 3223, PAGE 276 OF THE OFFICIAL PUBLIC RECORDS OF BRAZOS COUNTY, TEXAS.

SAID TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A 1/2 INCH IRON ROD FOUND ON THE SOUTHEAST LINE OF LOT 3, COULTER'S SUBDIVISION OF McGEE TRACT ACCORDING TO THE PLAT RECORDED IN VOLUME 92, PAGE 421 OF THE DEED RECORDS OF BRAZOS COUNTY, TEXAS, MARKING THE WEST CORNER OF SAID 18.20 ACRE TRACT AND THE NORTH CORNER OF THE REMAINDER OF BLOCK 4, SHIMEN & CARRABBA ADDITION, ACCORDING TO THE PLAT RECORDED IN VOLUME 122, PAGE 410 OF THE DEED RECORDS OF BRAZOS COUNTY, TEXAS;

THENCE: N 42° 37' 37" E ALONG THE COMMON LINE OF SAID 18.20 ACRE TRACT AND SAID LOT 3 FOR A DISTANCE OF 216.79 FEET;

THENCE: THROUGH SAID 18.20 ACRE TRACT FOR THE FOLLOWING CALLS:

S 47° 22' 23" E FOR A DISTANCE OF 40.00 FEET;

N 42° 37' 37" E FOR A DISTANCE OF 137.91 FEET;

S 55° 32' 44" E FOR A DISTANCE OF 371.25 FEET;

S 49° 55' 34" E FOR A DISTANCE OF 233.79 FEET;

N 41° 04' 21" E FOR A DISTANCE OF 136.66 FEET TO A 5/8 INCH IRON ROD FOUND MARKING THE WEST CORNER OF LOT 2, BLOCK 1, TRAILITE PLAZA, PHASE III, ACCORDING TO THE PLAT RECORDED IN VOLUME 2017, PAGE 219 OF THE OFFICIAL PUBLIC RECORDS OF BRAZOS COUNTY, TEXAS;

THENCE: S 49° 05' 38" E ALONG THE COMMON LINE OF SAID 18.20 ACRE TRACT AND SAID LOT 2 FOR A DISTANCE OF 224.40 FEET TO A 5/8 INCH IRON ROD FOUND MARKING THE NORTH CORNER OF LOT 1, BLOCK 1, TRAILITE PLAZA, PHASE II, ACCORDING TO THE PLAT RECORDED IN VOLUME 757, PAGE 29 OF THE OFFICIAL RECORDS OF BRAZOS COUNTY, TEXAS;

THENCE: S 41° 57' 49" W ALONG THE COMMON LINE OF SAID 18.20 ACRE TRACT AND SAID LOT 1 FOR A DISTANCE OF 199.75 FEET TO A 5/8 INCH IRON ROD FOUND MARKING THE WEST CORNER OF SAID LOT 1;

THENCE: S 49° 05' 33" E CONTINUING ALONG THE COMMON LINE OF SAID 18.20 ACRE TRACT AND SAID LOT 1 FOR A DISTANCE OF 199.88 FEET TO A POINT ON THE NORTHWEST LINE OF STATE HIGHWAY NO. 21 MARKING THE BEGINNING OF A CLOCKWISE CURVE HAVING A RADIUS OF 5686.09 FEET;

THENCE: ALONG THE NORTHWEST LINE OF STATE HIGHWAY NO. 21 AND ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 01° 03' 42" FOR AN ARC DISTANCE OF 103.51 FEET (CHORD BEARS: S 43° 32' 25" W – 103.50 FEET) TO THE EAST CORNER OF LOT 1R, BLOCK 1, VALENTA SUBDIVISION, ACCORDING TO THE PLAT RECORDED IN VOLUME 3622, PAGE 220 OF THE OFFICIAL PUBLIC RECORDS OF BRAZOS COUNTY, TEXAS;

EXHIBIT A-1 of 2

STATE OF TEXAS
COUNTY OF BRAZOS
The foregoing is a true and correct copy of the original on file and recorded in the appropriate records of Brazos County, Texas
I hereby certify, on 1-8-25 PSC

Couny Clerk, Brazos County, Texas

Page 6 of 8

15

Doc 01239984 Bk OR Vol 12878 Pg 241

THENCE: ALONG THE COMMON LINE OF SAID 18.20 ACRE TRACT AND SAID LOT 1R FOR THE FOLLOWING CALLS:

N 44° 33' 59" W FOR A DISTANCE OF 91.45 FEET TO A 5/8 INCH IRON ROD FOUND;

N 51° 02' 14" W FOR A DISTANCE OF 130.63 FEET TO A 5/8 INCH IRON ROD FOUND MARKING THE BEGINNING OF A COUNTERCLOCKWISE CURVE HAVING A RADIUS OF 28.00 FEET;

ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 83° 33' 24" FOR AN ARC DISTANCE OF 40.83 FEET (CHORD BEARS: S 87° 11' 09" W – 37.31 FEET) TO A 5/8 INCH IRON ROD FOUND MARKING THE END OF SAID CURVE;

S 45° 24' 32" W FOR A DISTANCE OF 154.00 FEET TO A 5/8 INCH IRON ROD FOUND;

S 01° 43' 21" W FOR A DISTANCE OF 36.16 FEET TO A 5/8 INCH IRON ROD FOUND ON THE NORTHEAST LINE OF STATE HIGHWAY NO. 6 MARKING A WEST CORNER OF SAID LOT 1R;

THENCE: N 41° 57' 53" W ALONG THE NORTHEAST LINE OF STATE HIGHWAY NO. 6 FOR A DISTANCE OF 38.12 FEET TO A CONCRETE RIGHT-OF-WAY MARKER FOUND;

THENCE: N 59° 58' 03" W CONTINUING ALONG THE NORTHEAST LINE OF STATE HIGHWAY NO. 6 FOR A DISTANCE OF 280.08 FEET TO A 5/8 INCH IRON ROD FOUND MARKING A COMMON CORNER OF SAID 18.20 ACRE TRACT AND THE REMAINDER OF BLOCK 10, SHIMEN & CARRABBA ADDITION (PLAT 122/410);

THENCE: N 47° 17' 47" W ALONG THE COMMON LINE OF SAID 18.20 ACRE TRACT AND BLOCKS 10 AND 4, SHIMEN & CARRABBA ADDITION, FOR A DISTANCE OF 538.64 FEET TO THE POINT OF BEGINNING CONTAINING 8.46 ACRES OF LAND, MORE OR LESS. BEARING SYSTEM SHOWN HEREIN IS BASED ON THE PLAT CALL NORTHEAST BEARING OF RELAX INN, ACCORDING TO THE PLAT RECORDED IN VOLUME 638, PAGE 728 OF THE DEED RECORDS OF BRAZOS COUNTY, TEXAS, AND AS MONUMENTED ON THE GROUND.

EXHIBIT A-2 of 2

STATE OF TEXAS
COUNTY OF BRAZOS
The foregoing is a true and correct copy of the original on file and recorded in the appropriate records of Brazos County, Texas
I hereby certify, on 1-8-25 BG
County Clerk, Brazos County, Texas
Page 7 of 8

16

Doc 01239984 Bk OR Vol 12878 Pg 242

(a) The premises and the operations conducted thereon do not violate any order of any court or governmental authority or Environmental Laws (as hereinafter defined); (b) without limitation of clause (a) above, the premises and the operations currently conducted thereon or, to the best knowledge of Grantors, by any prior owner or operator of the premises or by any prior owner or operator of the premises or operation are not in violation of or subject to any existing, pending or threatened action, suit, investigation, inquiry or proceeding by or before any court or governmental authority or to any remedial obligations under Environmental Laws; (c) all notices, permits, licenses or similar connection with the operation or use of the premises have been duly obtained or filed; (d) all hazardous substances or solid waste generated at the premises have, to the best knowledge of Grantors, in the past been transported, treated and disposed of only by carriers maintaining valid permits under RCRA (as hereinafter defined) any other Environmental Law, which carriers and facilities have been and are operating in compliance with such permits; (e) Grantors have taken all steps necessary to determine and has disposed of or otherwise released and there has been no threatened release of any hazardous substances on or to the premises except in compliance with Environmental Laws; and (f) Grantors have no material contingent liability in connection with any release or threatened release of any hazardous substance or solid waste into the environment.

As used in this Deed of Trust, "Environmental Laws" shall mean any and all laws, statutes, ordinances, rules, regulations, orders, or determinations of any governmental authority pertaining to health or the environment in effect in any and all jurisdictions in which Grantors are conducting or at any time have conducted business, or where the premises is located, or where any hazardous substances generated by or disposed of by Grantors are located, including without limitation, the Clean Air Act, as amended, the Comprehensive Environmental, Response, Compensation, and Liability Act of 1980 ("CERCLA"), as amended, the Federal Water Pollution Control Act, as amended, the Occupational Conservation and Recovery Act of 1976 ("RCRA"), as amended, the Safe Drinking Water Act, as amended, the Toxic Substances Control Act, as amended, the Superfund Amendments and Reauthorization Act of 1986, as amended, and other environmental conservation or protection laws.

Filed for Record in:
BRAZOS COUNTY

On: Aug 12,2015 at 04:21P

As a
NO LABEL RECORDING

Document Number: 01239984

Amount 48.00

Receipt Number - 553010
By:
Debbie Baker

STATE OF TEXAS COUNTY OF BRAZOS
I hereby certify that this instrument was filed on the date and time stamped hereon by me and was duly recorded in the volume and page of the Official Public records of:

BRAZOS COUNTY

as stamped hereon by me.

Aug 12,2015

Karen McQueen, Brazos County Clerk
BRAZOS COUNTY

EXHIBIT "B"

STATE OF TEXAS
COUNTY OF BRAZOS
The foregoing is a true and correct copy of the original on file and recorded in the appropriate records of Brazos County, Texas
Thereby certify, on 1-8-25 PSG
Karen McQueen
County Clerk,
Brazos County, Texas
Page 8 of 8

COUNTY COURT OF BRAZOS COUNTY TEXAS

17

Doc 01247393 Bk OR Vol 13017 Pg 280

NOTICE OF CONFIDENTIALITY RIGHTS: "IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER."

# ASSUMPTION WARRANTY DEED

**Date:** OCTOBER 27, 2015

**Grantor:** BONA FIDE ACQUISITIONS, LLC
**Grantor's Mailing Address:** 4440 OLD COLLEGE ROAD, BRYAN, TEXAS 77801

**Grantee:** WORTH ACQUISITIONS, LLC
**Grantee's Mailing Address:** 4440 OLD COLLEGE ROAD, BRYAN, TEXAS 77801

**Consideration:** TEN AND NO/100 DOLLARS ($10.00) and Grantee's assumption and agreement to pay, the unpaid principal and earned interest on the following:

1. NOTE dated AUGUST 1, 2015, in the original principal sum of EIGHT HUNDRED THOUSAND AND NO/100 DOLLARS ($800,000.00), executed by BONA FIDE ACQUISITIONS, LLC to the order of DREAMERS LAND AND MINERALS, INC., said Note being secured by a DEED OF TRUST of even date from BONA FIDE ACQUISITIONS, LLC to MICHAEL H. GENTRY, TRUSTEE, recorded in Volume 12878, Page 235, OFFICIAL PUBLIC Records of BRAZOS County, Texas; and

2. MECHANIC'S LIEN NOTE dated AUGUST 31, 2015, in the original principal sum of ONE MILLION SEVEN HUNDRED THOUSAND AND NO/100 DOLLARS ($1,700,000.00), executed by BONA FIDE ACQUISITIONS, LLC to the order of WORTH PARTNERS, LLC, said Note being secured by a MECHANIC'S LIEN CONTRACT of even date from BONA FIDE ACQUISITIONS, LLC to TREY MALECHEK, TRUSTEE, for the benefit of AMERICAN MOMENTUM BANK, recorded in Volume 12921, Page 1, OFFICIAL PUBLIC Records of BRAZOS County, Texas. Together with TRANSFER OF LIEN to AMERICAN MOMENTUM BANK, recorded in Volume 12921, Page 16, OFFICIAL PUBLIC Records of BRAZOS County, Texas.

As further consideration Grantee promises to keep and perform all the covenants and obligations of the Grantors named in that Deed of Trust and to indemnify, defend, and hold Grantor harmless from any loss, attorney's fees, expenses, or claims attributable to breach or default of any provision of this Assumption by Grantee. Grantor assigns to Grantee any funds on deposit for payment of taxes and insurance premiums.

**Property (including improvements):**
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES.

**Reservations from and Exceptions to Conveyance and Warranty:**
This conveyance is made and accepted subject to any and all covenants, conditions, restrictions, easements, right-of-way, mineral or royalty reservations and/or conveyances, and mineral leases, if any, in Grantor's chain of title, applicable to and enforceable against the above described property, to the extent, and only to the extent, that the same may still be in force and effect, shown of record in the office of the County Clerk of BRAZOS County, Texas.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to warranty.

Y:\REAL ESTATE\TRANSACTIONS\WHITWORTH\WORTH ACQUISITIONS\HWY 21\ASSUMPTION DEED BONA FIDE TO WORTH PAGE 1

STATE OF TEXAS
COUNTY OF BRAZOS
The foregoing is a true and correct copy of the original on file and recorded in the appropriate records of Brazos County, Texas
I hereby certify, on 1-8-25 PSG
Karen McQueen
County Clerk, Brazos County, Texas
Page 1 of 5

18

Doc Bk Vol Pg
01247393 OR 13017 281

The Vendor's Lien against and superior title to the Property are retained for the benefit of Grantor to secure both Grantee's Assumption of the before-mentioned Notes to Grantor, Grantee's Assumption of said Notes, from Grantee to **J. FRED BAYLISS, TRUSTEE.** If Grantee defaults in payment of the assumed Notes or in observance of any covenant or condition of any instrument securing their payment, Grantor will have the right to foreclose the Vendor's Lien reserved in this deed. Grantor assigns to Grantee all funds on deposit for payment of taxes and insurance premiums.

Current ad valorem taxes are assumed by Grantee.

When the context requires, singular nouns and pronouns include the plural.

**BONA FIDE ACQUISITIONS, LLC**
BY:

**JUSTIN M. WHITWORTH, MANAGING MEMBER**

ACCEPTED AND APPROVED:
WORTH ACQUISITIONS, LLC
BY:

**JUSTIN M. WHITWORTH, MANAGING MEMBER**

THE STATE OF TEXAS §
COUNTY OF BRAZOS §

This instrument was acknowledged before me on the 27th day of OCTOBER, 2015, by **JUSTIN M. WHITWORTH, MANAGING MEMBER** of **BONA FIDE ACQUISITIONS, LLC**, a Texas limited liability company, on behalf of said Limited Liability Company, in the capacity therein stated.

CHRISTINA LOUISE HANCOCK
Notary Public, State of Texas
My Commission Expires
February 06, 2016

NOTARY PUBLIC, STATE OF TEXAS

THE STATE OF TEXAS §
COUNTY OF BRAZOS §

This instrument was acknowledged before me on the 27th day of OCTOBER, 2015, by **JUSTIN M. WHITWORTH, MANAGING MEMBER** of **WORTH ACQUISITIONS, LLC**, a Texas limited liability company, on behalf of said Limited Liability Company, in the capacity therein stated.

CHRISTINA LOUISE HANCOCK
Notary Public, State of Texas
My Commission Expires
February 06, 2016

NOTARY PUBLIC, STATE OF TEXAS

PREPARED IN THE LAW OFFICE OF:
J. FRED BAYLISS, P. C.
3000 BRIARCREST DRIVE, SUITE 302
BRYAN, TEXAS 77802
@PW34069

Y:\REAL ESTATE\TRANSACTIONS\WHITWORTH\WORTH ACQUISITIONS\HWY 21\ASSUMPTION DEED BONA FIDE TO WORTH PAGE 2

STATE OF TEXAS
COUNTY OF BRAZOS
The foregoing is a true and correct copy of the original on file and recorded in the appropriate records of Brazos County, Texas
Thereby certify, on 1-8-25 PSG
Karen McQueen
County Clerk,
Brazos County, Texas
Page 2 of 5

19

Doc 01247393 Bk OR Vol 13017 Pg 282

# EXHIBIT "A"

All that certain tracts or parcel of land lying and being situated in the Stephen F. Austin League No. 10, Abstract No. 63, Bryan, Brazos County, Texas. Said tract being the remainder of a 15.846 acre tract of land as described by a deed to HWY 21 Joint Venture recorded in Volume 10201, page 78 of the Official Public Records of Brazos County, Texas. Said tract being more particularly described by metes and bounds as follows:

BEGINNING at a 5/8 inch iron rod found on the southwest line of Lot 1, Block 1, Aggieland RV park subdivision according to the plat recorded in Volume 12269, page 276, Official Public Records of Brazos County, Texas. Said iron rod found marking the west corner of said 15.846 acre tract and the north corner of a called 1.43 acre tract of land as described by a deed to Mary Lo Chappell and James Oscar Chappell, Jr. recorded in Volume 7164, page 68, Official Public Records of Brazos County, Texas;

THENCE along the southwest line of said Lot 1 for the following calls:

N 42° 31' 33" E for a distance of 173.61 feet (Plat call and measured bearing, 12269/276) to a 1/2 inch iron rod set;

S 47° 28' 27" E for a distance of 40.00 feet (Plat call and measured, 12269/276) to a 1/2 inch iron rod found;

N 42° 31' 33" E for a distance of 95.19 feet (Plat call and measured, 12269/276) to a 1/2 inch iron rod set marking the west corner of a common area and private drainage easement as shown on said plat, 12269/276;

THENCE along the southwest line of said common area for the following calls:

S 55° 38' 48" E for a distance of 371.25 feet (Plat call and measured, 12269/276) to a 1/2 inch iron rod found;

S 50° 01' 39" E for a distance of 236.12 feet (Plat call and measured, 12269/276) to a 1/2 inch iron rod found;

N 40° 58' 17" E, pass the common corner of said common area and said Lot 1, continue on along the southwest line of said Lot 1 for a total distance of 222.57 feet (Plat call and measured bearing, 12269/276) to a 1/2 inch iron rod found marking the west corner of Lot 2, Block 1, Trailite Plaza, Phase III, according to the plat recorded in Volume 2017, page 219, Official Public Records of Brazos County, Texas;

THENCE S 49° 07' 33" E along the southwest line of said Lot 2 for a distance of 224.36 feet (Deed call: S 49° 05' 38" E 224.40 feet, 10201/78) to a 5/8 inch iron rod found marking the north corner of Lot 1, Block 1, Trailite Plaza, Phase II according to the plat recorded in Volume 757, page 29, Deed Records of Brazos County, Texas;

STATE OF TEXAS
COUNTY OF BRAZOS
The foregoing is a true and correct copy of the original on file and recorded in the appropriate records of Brazos County, Texas
Thereby certify, on 1-8-25 TBG

Karen McQueen
County Clerk,
Brazos County, Texas

Page 3 of 5

20

Doc 01247393 Bk OR Vol 13017 Pg 283

THENCE S 41° 51' 45" W along the northwest line of said Lot 1 for a distance of 199.75 feet (Deed call: S 41° 57' 49" W - 199.75 feet, 10201/78) to a 1/2 inch iron rod set for marking the west corner of said Lot 1;

THENCE S 49° 11' 37" E along the southwest line of said Lot 1 for a distance of 199.88 feet (Deed call: S 49° 05' 33" E - 199.88 feet, 10201/78) to a 1/2 inch iron rod set on the northwest line of State Highway No. 21 (R.O.W. varies) marking the south corner of said Lot 1 and the beginning of a clockwise curve having a radius of 5586.09 feet;

THENCE along said curve through a central angle of 01° 03' 48" for an arc distance of 103.68 feet (Chord bears: S 43° 34' 34" W - 103.68 feet) (Deed call chord: S 43° 32' 25" W - 103.50 feet, 10201/78) to a point on an existing curb marking the end point of said curve and the east corner of Lot 1R, Block 1, Valenta Subdivision, according to the plat recorded in Volume 3622, page 220, Official Public Records of Brazos County, Texas;

THENCE along the north line of said Lot 1R for the following calls:

N 44° 40' 03" W for a distance of 91.45 feet (Plat call: N 44° 33' 59" W - 91.45 feet, 3622/220) to a 5/8 inch iron rod found;

N 51° 08' 18" W for a distance of 130.63 feet (Plat call: N 51° 02' 14" W - 130.63 feet, 3622/220) to a 1/2 inch iron rod set marking the beginning of a counter-clockwise curve having a radius of 28.00 feet;

Along said curve through a central angle of 83° 33' 24" for an arc distance of 40.83 feet (Chord bears: S 87° 05' 05"W - 37.31 feet) (Plat call chord: S 87° 11' 09" W - 37.31 feet, 3622/220) to a 5/8 inch iron rod found marking the end point of said curve;

S 45° 18' 28" W for a distance of 154.00 feet (Plat call: S 45° 24' 32" W - 154.00 feet, 3622/220) to a 5/8 inch iron rod found;

S 01° 37' 17" W for a distance of 36.16 feet (Plat call: S 01° 43' 21" W - 36.16 feet, 3622/220) to a 5/8 inch iron rod found on the northeast line of N. Earl Rudder Freeway - State Highway No. 6 (R.O.W. varies) marking the west corner of said Lot 1R;

THENCE N 42° 03' 58" W along the northeast line of N. Earl Rudder Freeway fora distance of 38.12 feet (Deed call: N 41° 57' 53" W - 38.12 feet, 10201/78) to the remains of a concrete right-of-way marker found;

THENCE N 60° 00' 21" W continuing along the northeast line of N. Earl Rudder Freeway for a distance of 259.72 feet (Deed call: N 59° 58' 03" W - 260.06 feet, 10201/78) to a 5/8 inch iron rod found marking the east corner of said 1.43 acre tract;

THENCE N 47° 23' 52" W along the northeast line of said 1.43 acre tract for a distance of 538.65 feet (Deed call: N 47° 17' 47" W - 538.64 feet, 10201/78) to the POINT OF BEGINNING, containing 7.219 acres of land.

STATE OF TEXAS
COUNTY OF BRAZOS
The foregoing is a true and correct copy of the original on file and recorded in the appropriate records of Brazos County, Texas
I hereby certify, on 1-8-25 PSG
Karen McQueen
County Clerk, Brazos County, Texas
Page 4 of 5

21

| Doc | Bk | Vol | Pg |
|---|---|---|---|
| 01247393 | OR | 13017 | 284 |

Filed for Record in:
BRAZOS COUNTY

On: Oct 28,2015 at 04:04P

As a
Recordings

Document Number: 01247393

Amount 38.00

Receipt Number - 559579
By,
Ashlie Peters-Bowman

STATE OF TEXAS COUNTY OF BRAZOS
I hereby certify that this instrument was filed on the date and time stamped hereon by me and was duly recorded in the volume and page of the Official Public records of:

BRAZOS COUNTY

as stamped hereon by me.

Oct 28,2015

Karen McQueen, Brazos County Clerk
BRAZOS COUNTY

STATE OF TEXAS
COUNTY OF BRAZOS
The foregoing is a true and correct copy of the original on file and recorded in the appropriate records of Brazos County, Texas
Thereby certify, on 1-8-25 P56
Karen McQueen
County Clerk,
Brazos County, Texas
Page 5 of 5

COUNTY COURT OF BRAZOS COUNTY TEXAS

22

Return to
Aggieland Title Company
GF#34069 PS Lien

Doc 01248041 Bk OR Vol 13031 Pg 47

**NOTICE OF CONFIDENTIALITY RIGHTS: "IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER."**

# RELEASE OF LIEN

**Date:** October 23, 2015

**NOTE**

| | |
|---|---|
| **Date:** | JULY 1, 2014 |
| **Original Amount:** | EIGHT HUNDRED THOUSAND AND NO/100 DOLLARS ($800,000.00) |
| **Maker:** | WORTH ACQUISITIONS, LLC, A TEXAS LIMITED LIABILITY COMPANY |
| **Payee:** | MARION VERNON STAWNICZ AND ARLENE PARCHMAN STAWNICZ |
| **Date of Maturity:** | AS PROVIDED IN SAID NOTE |

**Holder of Note and Lien:** MARION VERNON STAWNICZ AND ARLENE PARCHMAN STAWNICZ
**Holder's Mailing Address:** 11208 FM 1940
FRANKLIN, TEXAS 77856

**Note and Lien are described in the Following Documents, Recorded in:**
**DEED OF TRUST** DATED **JULY 1, 2014**, EXECUTED BY **WORTH ACQUISITIONS, LLC, A TEXAS LIMITED LIABILITY COMPANY TO GERRY M. BROWN, TRUSTEE**, SECURING THE PAYMENT OF ONE **NOTE** OF EVEN DATE THEREWITH IN THE PRINCIPAL SUM OF **$800,000.00**, AND ANY OTHER AMOUNTS PAYABLE UNDER THE TERMS THEREOF, BEARING INTEREST AND PAYABLE AS THEREIN PROVIDED TO THE ORDER OF **MARION VERNON STAWNICZ AND ARLENE PARCHMAN STAWNICZ**, AND RECORDED ON **JULY 8, 2014**, IN VOLUME **12128**, PAGE **71**, **OFFICIAL PUBLIC** RECORDS OF **BRAZOS** COUNTY, TEXAS.

**Property (including any improvements) to be Released from Lien:**
**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES.**

Holder of the note acknowledges its payment and releases the property from the lien.
When the context requires, singular nouns and pronouns include the plural.

[signature]
MARION VERNON STAWNICZ

[signature]
ARLENE PARCHMAN STAWNICZ

THE STATE OF TEXAS §

COUNTY OF Leon §

This instrument was acknowledged before me, the undersigned authority, on the 23 day of October 2015, by **MARION VERNON STAWNICZ AND ARLENE PARCHMAN STAWNICZ.**

LYN J SHAW
NOTARY PUBLIC
State of Texas
Comm. Exp. 01/07/2018

[signature]
NOTARY PUBLIC, STATE OF TEXAS

PREPARED IN THE LAW OFFICE OF:
J. FRED BAYLISS, P. C.
3000 BRIARCREST DRIVE, SUITE 302
BRYAN, TEXAS 77802
GF#34069

Y:\JMD/RE/TRANSACTIONS/ WHITWORTH/BONA FIDE ACQUISITIONS LLC/HWY 21\RELEASE

METES AND BOUNDS DESCRIPTION OF ALL THAT CERTAIN TRACT OR PARCEL OF LAND LYING AND BEING SITUATED IN THE S. F. AUSTIN LEAGUE NO. 10, ABSTRACT NO. 63, BRYAN, BRAZOS COUNTY, TEXAS. SAID TRACT BEING A PORTION OF A CALLED 18.20 ACRE TRACT AS DESCRIBED BY A DEED TO WAYNE C. FOX, TRUSTEE, RECORDED IN VOLUME 3223, PAGE 276 OF THE OFFICIAL PUBLIC RECORDS OF BRAZOS COUNTY, TEXAS.

SAID TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

**BEGINNING** AT A 1/2 INCH IRON ROD FOUND ON THE SOUTHEAST LINE OF LOT 3, COULTER'S SUBDIVISION OF McGEE TRACT ACCORDING TO THE PLAT RECORDED IN VOLUME 92, PAGE 421 OF THE DEED RECORDS OF BRAZOS COUNTY, TEXAS, MARKING THE WEST CORNER OF SAID 18.20 ACRE TRACT AND THE NORTH CORNER OF THE REMAINDER OF BLOCK 4, SHIMEN & CARRABBA ADDITION, ACCORDING TO THE PLAT RECORDED IN VOLUME 122, PAGE 410 OF THE DEED RECORDS OF BRAZOS COUNTY, TEXAS;

**THENCE:** N 42° 37' 37" E ALONG THE COMMON LINE OF SAID 18.20 ACRE TRACT AND SAID LOT 3 FOR A DISTANCE OF 216.79 FEET;

**THENCE:** THROUGH SAID 18.20 ACRE TRACT FOR THE FOLLOWING CALLS:

S 47° 22' 23" E FOR A DISTANCE OF 40.00 FEET;

N 42° 37' 37" E FOR A DISTANCE OF 137.91 FEET;

S 55° 32' 44" E FOR A DISTANCE OF 371.26 FEET;

S 49° 55' 34" E FOR A DISTANCE OF 233.79 FEET;

N 41° 04' 21" E FOR A DISTANCE OF 136.66 FEET TO A 5/8 INCH IRON ROD FOUND MARKING THE WEST CORNER OF LOT 2, BLOCK 1, TRAILITE PLAZA, PHASE III, ACCORDING TO THE PLAT RECORDED IN VOLUME 2017, PAGE 218 OF THE OFFICIAL PUBLIC RECORDS OF BRAZOS COUNTY, TEXAS;

**THENCE:** S 49° 06' 38" E ALONG THE COMMON LINE OF SAID 18.20 ACRE TRACT AND SAID LOT 2 FOR A DISTANCE OF 224.40 FEET TO A 5/8 INCH IRON ROD FOUND MARKING THE NORTH CORNER OF LOT 1, BLOCK 1, TRAILITE PLAZA, PHASE II, ACCORDING TO THE PLAT RECORDED IN VOLUME 757, PAGE 29 OF THE OFFICIAL RECORDS OF BRAZOS COUNTY, TEXAS;

**THENCE:** S 41° 57' 49" W ALONG THE COMMON LINE OF SAID 18.20 ACRE TRACT AND SAID LOT 1 FOR A DISTANCE OF 199.75 FEET TO A 5/8 INCH IRON ROD FOUND MARKING THE WEST CORNER OF SAID LOT 1;

**THENCE:** S 46° 05' 33" E CONTINUING ALONG THE COMMON LINE OF SAID 18.20 ACRE TRACT AND SAID LOT 1 FOR A DISTANCE OF 199.88 FEET TO A POINT ON THE NORTHWEST LINE OF STATE HIGHWAY NO. 21 MARKING THE BEGINNING OF A CLOCKWISE CURVE HAVING A RADIUS OF 5586.09 FEET;

**THENCE:** ALONG THE NORTHWEST LINE OF STATE HIGHWAY NO. 21 AND ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 01° 03' 42" FOR AN ARC DISTANCE OF 103.51 FEET (CHORD BEARS: S 43° 32' 25" W – 103.50 FEET) TO THE EAST CORNER OF LOT 1R, BLOCK 1, VALENTA SUBDIVISION, ACCORDING TO THE PLAT RECORDED IN VOLUME 3622, PAGE 220 OF THE OFFICIAL PUBLIC RECORDS OF BRAZOS COUNTY, TEXAS;

EXHIBIT A-1 of 2



24

THENCE: ALONG THE COMMON LINE OF SAID 18.20 ACRE TRACT AND SAID LOT 1R FOR THE FOLLOWING CALLS:

N 44° 33' 59" W FOR A DISTANCE OF 91.45 FEET TO A 5/8 INCH IRON ROD FOUND;

N 51° 02' 14" W FOR A DISTANCE OF 130.63 FEET TO A 5/8 INCH IRON ROD FOUND MARKING THE BEGINNING OF A COUNTERCLOCKWISE CURVE HAVING A RADIUS OF 28.00 FEET;

ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 83° 33' 24" FOR AN ARC DISTANCE OF 40.83 FEET (CHORD BEARS: S 87° 11' 09" W – 37.31 FEET) TO A 5/8 INCH IRON ROD FOUND MARKING THE END OF SAID CURVE;

S 45° 24' 32" W FOR A DISTANCE OF 154.00 FEET TO A 5/8 INCH IRON ROD FOUND;

S 01° 43' 21" W FOR A DISTANCE OF 36.16 FEET TO A 5/8 INCH IRON ROD FOUND ON THE NORTHEAST LINE OF STATE HIGHWAY NO. 6 MARKING A WEST CORNER OF SAID LOT 1R;

THENCE: N 41° 57' 53" W ALONG THE NORTHEAST LINE OF STATE HIGHWAY NO. 6 FOR A DISTANCE OF 38.12 FEET TO A CONCRETE RIGHT-OF-WAY MARKER FOUND;

THENCE: N 59° 58' 03" W CONTINUING ALONG THE NORTHEAST LINE OF STATE HIGHWAY NO. 6 FOR A DISTANCE OF 260.06 FEET TO A 5/8 INCH IRON ROD FOUND MARKING A COMMON CORNER OF SAID 18.20 ACRE TRACT AND THE REMAINDER OF BLOCK 10, SHIMEN & CARRABBA ADDITION (PLAT 122/410);

THENCE: N 47° 17' 47" W ALONG THE COMMON LINE OF SAID 18.20 ACRE TRACT AND BLOCKS 10 AND 4, SHIMEN & CARRABBA ADDITION, FOR A DISTANCE OF 536.84 FEET TO THE POINT OF BEGINNING CONTAINING 8.45 ACRES OF LAND, MORE OR LESS. BEARING SYSTEM SHOWN HEREIN IS BASED ON THE PLAT CALL NORTHEAST BEARING OF RELAX INN, ACCORDING TO THE PLAT RECORDED IN VOLUME 839, PAGE 728 OF THE DEED RECORDS OF BRAZOS COUNTY, TEXAS, AND AS MONUMENTED ON THE GROUND.

Filed for Record in:
BRAZOS COUNTY

On: Nov 05,2015 at [illegible]

As a
Recordings

Document Number: 01248041

Amount 34.00

Receipt Number - 560[illegible]
By:
Winstonia Davenport

STATE OF TEXAS COUNTY OF BRAZOS
I hereby certify that this instrument was filed on the date and time stamped hereon by me and was duly recorded in the volume and page of the Official Public records of:

BRAZOS COUNTY

as stamped hereon by me.

Nov 05,2015

Karen McQueen, Brazos County Clerk
BRAZOS COUNTY

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE** | § | |
| | § | **CASE NO. 24-34840** |
| **JUSTIN MICHAEL WHITWORTH** | § | **CHAPTER 7** |
| | § | |
| **DEBTOR** | § | **JUDGE MARVIN ISGUR** |

**AFFIDAVIT**

**STATE OF TEXAS** §
**COUNTY OF HARRIS** §

BEFORE ME, the undersigned authority, on this day personally appeared Randy W. Williams, Trustee, who first being duly sworn and deposed says as follows:

1. "My name is Randy W. Williams, and I am the duly appointed and serving Chapter 7 Trustee in the above-referenced bankruptcy case.

2. I have personally reviewed the Debtor's Schedules. I have personal knowledge of the assets administered by this Estate. I have personally reviewed proof of claim number 2 filed by Dreamers Land and Minerals filed in this bankruptcy case.

3. On October 16, 2024, Justin Michael Whitworth (the "Debtor") filed for voluntary Chapter 7 bankruptcy protection. On the same date, I was appointed interim Trustee and thereafter qualified as permanent Trustee.

4. On February 11, 2025, Dreamers Land and Minerals ("Claimant") filed proof of claim number 2 asserting a total claim of $1,734,198.00 with $1,000,000 of that amount as a secured claim and the balance of $734,198.00 as general unsecured claim. The collateral alleged in this claim appears to be real property owned by a third party.

5. I have not and will not administer any real property in this bankruptcy case. As the collateral alleged to secured POC 2 is real property, there is no property of the estate to which any secured claim by Claimant can attach.

6. The documents attached to POC 2 do not indicate that the Debtor is personally liable for the debt alleged. I instructed my counsel to request a copy of any personal guaranty by the Debtor of the debt alleged; however, I have not received a copy of any such document from the Claimant or otherwise.

Randy W. Williams

Subscribed to and sworn before me, the undersigned authority, on November 9, 2026

Notary Public in and for the State of Texas

ROBERT A. HEINLY, JR
Notary Public, State of Texas
Comm. Expires 05-13-2027
Notary ID 10006502