**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE** | § | |
| | § | **CASE NO. 24-34840** |
| **JUSTIN MICHAEL WHITWORTH** | § | **CHAPTER 7** |
| | § | |
| **DEBTOR** | § | **JUDGE MARVIN ISGUR** |

# CHAPTER 7 FEE APPLICATION SUMMARY

| | | |
|---|---|---|
| Name of Applicant: | Ross, Banks, May, Cron & Cavin, P.C. | |
| Applicant's Role in Case: | General Counsel to the Trustee | |
| Date Order of Appointment Signed: | 03/06/2025 (Docket No. 31) | |
| | Beginning of Period | End of Period |
| Time period covered by this Application: | 10/29/2025 | 11/13/2026 |
| Time period(s) covered by prior Applications: | 02/03/2025 | 10/25/2025 |
| Total amounts awarded in all prior Applications: | $17,729.38 | |
| Total fees applied for in this Application and all prior Applications: | $21,320.00 | |
| Total fees requested in this Application: | $3,720.00 | |
| Total professional fees requested in this application: | $3,720.00 | |
| Total actual professional hours covered by this Application: | 9.3 | |
| Average hourly rate for professionals: | $400.00 | |
| Total paraprofessional fees requested in this Application: | n/a | |
| Total paraprofessional hours covered by this Application: | n/a | |
| Average hourly rate for paraprofessionals: | n/a | |
| Reimbursable expenses sought in this Application: | $213.10 | |
| Application Cost: | $520.00 | |
| Total of other payments paid to secured creditors: | $0.00 | |
| Total of other payments paid to administrative claimants: | $20,667.13 | |
| Estimated total for distribution to priority unsecured creditors: | $117,600.00 | |
| Estimated percentage dividend to priority unsecured creditors: | 85%* | |
| Estimated total for distribution to general unsecured creditors: | $0.00 | |
| Estimated percentage dividend to general unsecured creditors: | $0.00 | |
| Receipts to date: | $160,249.02 | |
| Disbursements to date: | $20,667.13 | |
| Current balance in the Trustee's accounts: | $139,581.89 | |

*On November 2, 2026, the IRS amended a previously filed proof of claim to assert an increased priority claim in the amount of $137,662.40.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE** | § | |
| | § | **CASE NO. 24-34840** |
| **JUSTIN MICHAEL WHITWORTH** | § | **CHAPTER 7** |
| | § | |
| **DEBTOR** | § | **JUDGE MARVIN ISGUR** |

**SECOND AND FINAL APPLICATION FOR COMPENSATION BY ROSS, BANKS, MAY, CRON & CAVIN, P.C. FOR CHAPTER 7 ADMINISTRATIVE EXPENSES FOR THE PERIOD OF OCTOBER 29, 2025, TO NOVEMBER 13, 2026, IN ITS CAPACITY AS GENERAL COUNSEL FOR RANDY W. WILLIAMS, CHAPTER 7 TRUSTEE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Marvin Isgur,
United States Bankruptcy Judge**:

COMES NOW Ross, Banks, May, Cron & Cavin, P.C. ("Applicant") and files this Application for Compensation for Chapter 7 Administrative Expenses for the time period set forth in the title heading above in its capacity as general counsel for Randy W. Williams, Chapter 7 Trustee ("Trustee"), pursuant to §330 of the United States Bankruptcy Code and would respectfully state the following:

**A. Jurisdiction, Venue and Constitutional Authority**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and arises in and/or under Title 11. The statutory predicate for the relief sought herein is 11 U.S.C. §§ 327, 328 and/or 330.

2. Venue is proper under 28 U.S.C. §§ 1408 and/or 1409.

3. This Court has constitutional authority to enter a final order regarding this matter. This motion concerns essential bankruptcy matters which have no equivalent in state law thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr.

S.D. Tex. 2012) (discussing *Stern v. Marshall*, 131 S.Ct. 2594 (2011)). In the alternative, all the matters addressed in this motion are essential bankruptcy matters which trigger the public rights exception. *See Id.*

**B. Factual and Procedural Background**

4. On October 16, 2024, (the "Petition Date"), Justin Michael Whitworth (the "Debtor") filed for voluntary Chapter 7 bankruptcy protection. On the same date, the Trustee was appointed interim Chapter 7 Trustee and, having since accepted the appointment and posted the requisite bond, is now the duly qualified Chapter 7 Trustee of this bankruptcy estate.

5. On February 12, 2025, the Trustee filed an application to employ Applicant as general counsel [Docket Number 27]. On March 6, 2025, the Court entered an Order authorizing the Trustee's retention of Applicant [Docket Number 31]. See **Exhibit A**.

6. On October 28, 2025, Applicant filed an interim application for compensation in the amount of $17,600.00 in fees and $129.38 in expenses to Applicant [Docket Number 58]. On November 2, 2026, the Court entered an Order authorizing the Trustee's payment of $17,600.00 in fees and $129.38 in expenses to Applicant, on an interim basis [Docket Number 85].

7. Attached as **Exhibit B** is Applicant's invoice for the relevant time period. The total attorneys' fees set forth in Exhibit B are $3,720.00, and the total expenses are $213.10.

**C. Application for Compensation**

8. Applicant believes that the total fees and expenses for professional services rendered in representation of the Trustee are fair and reasonable. Applicant states the following as required by First Colonial Corporation of America v. Baddock *et al.*, 544 F.2d 1291 (5th Cir. 1977) and other related cases for consideration by this Court.

A. **Time and Labor Required**. The attached itemization shows the time expended and details the specific services provided. Such time was reasonably expended to attend to the legal matters of the estate. All of the time expended was the minimum amount necessary to achieve the results desired and all projects were discussed with and approved by the Trustee.

B. **The Novelty and Difficulty of the Questions Presented in the Case**. This fee application covers work performed during the Chapter 7 proceeding that involved particular and specialized knowledge in the areas of Bankruptcy Law. Applicant's time records demonstrate that legal services were performed that required legal expertise that a trustee would not generally be expected to perform without an attorney's assistance.

C. **<u>Skill Requisite to Perform the Legal Services Properly</u>**. The attorney with primary responsibility for working on this matter has been licensed to practice law for approximately twenty-nine (29) years and specializes in bankruptcy and litigation. Such experience significantly assisted the Trustee.

D. **<u>The Preclusion of Other Employment Due to the Acceptance of the Case</u>**. This issue is not a factor in this case.

E. **<u>Customary Fee</u>**. Applicant has asked to be compensated at the rates set forth in this application. Applicant believes that the fees charged herein are in the lower to middle range of the usual and customary fees charged by attorneys of similar experience and standing for the type of legal services rendered to the Trustee. Where possible, the attorney charging the lowest hourly rate was the primary person performing work. Further, it is submitted that the award sought is in line with other reasonable fees allowed in bankruptcy cases in the Southern District of Texas.

F. **<u>Whether the Fee is Fixed or Contingent</u>**. Applicant charged the estate an hourly fee in this case. Applicant understands that its services, for both hourly and contingent fees, are subject to Court approval.

G. **<u>Time Limitation Imposed by the Client or Other Circumstances</u>**. This issue is not a factor in this case.

H. **<u>The Undesirability of the Cases</u>**. Applicant routinely practices bankruptcy law and represents Chapter 7 trustees. Applicant does not find the case to be undesirable, but recognizes other lawyers may find the contingent nature of bankruptcy trustee representation undesirable.

I. **<u>Nature and Length of Professional Relationship with the Client</u>**. As disclosed in the Trustee's application to employ Applicant, the Trustee has employed Applicant on numerous prior, unrelated cases wherein he has served as Chapter 7 Trustee.

J. **<u>Awards in Similar Cases</u>**. While Applicant has no specific knowledge of awards in similar cases, it is believed that the fees requested are reasonable, and at, or below, those allowed in similar cases. Movant submits that its efforts have materially benefitted the estate.

9. Applicant's services cover four (4) categories. The invoice attached as **Exhibit B** reflects these services by category, the initials of the attorney performing the work, the applicable hourly rate, the time expended and work performed. Mr. Marc Douglas Myers (MDM) was the only attorney to work on this matter and his hourly rate was $400 per hour. The following discussion includes reference to the more significant matters that were considered and their results:

**<u>Asset Collection</u>**: Time expended in this category relates to: (a) assisting the Trustee administration of firearms and (b) assisting the Trustee in closing of a settlement with the Debtor that resulted in the collection of $150,000 by the estate.

**Fees for this category total $1,240.00**.

**<u>Administrative</u>**: Time expended in this category relates to preparing a motion for payment of 2025 taxes on a nunc pro tunc basis, a separate motion to pay 2026 taxes and periodic status reporting to the client.

**Fees for this category total $320.00**.

**<u>Claims</u>**: Time expended in this category relates to: (a) obtaining the voluntary reclassification of a proof of claim by the IRS, (b) the voluntary withdrawal of a secured proof of claim and (c) preparation of an objection to a secured proof of claim.

**Fees for this category total $1,640.00**.

**<u>Fee Application</u>**: Time expended in this category relates to the preparation of a fee application; any required fee application coversheet; a notice of filing of fee application; and a proposed order.

**Fees for this category total $520.00**.

10. Federal Rule of Bankruptcy Procedure 2016(a) requires that, in addition to a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested, all of which is addressed above, the application for compensation must include a statement as to the following information, to which Applicant makes the below listed responses:

(a) **<u>What Payments Have Theretofore Been Made or Promised to the Applicant for Services Rendered or to Be Rendered in Any Capacity Whatsoever in Connection with the Case</u>**: No payments have been made or promised to Applicant. Applicant has understood at all times that allowance and payment of any fees and/or expenses for its services were subject to prior Bankruptcy Court approval;

(b) **<u>The Source of the Compensation So Paid or Promised</u>**: Applicant has understood at all times that any allowed fees and/or expenses would come from the Chapter 7 estate after prior Bankruptcy Court approval;

(c) **<u>Whether Any Compensation Previously Received Has Been Shared</u>**: No compensation, previously received or to be received, will be shared unless otherwise specifically authorized by Court Order; and

(d) **<u>Whether an Agreement or Understanding Exists Between the Applicant and Any Other Entity for the Sharing of Compensation Received or to Be Received for Services Rendered in or in Connection with the Case, and the Particulars of Any Sharing of Compensation or Agreement or Understanding Therefor, Except That Details of Any Agreement by the Applicant for the Sharing of Compensation as a Member or Regular Associate of a Firm of Lawyers or Accountants Shall Not Be Required</u>**: There is no agreement or understanding between Applicant and any other entity for sharing of any compensation received or to be received in this matter, unless otherwise specifically authorized by Court Order

**<u>D. Request for Final Approval of Interim Compensation</u>**

11. On November 2, 2026, the Court entered an Order authorizing the Trustee's payment of $17,600.00 in fees and $129.38 in expenses to Applicant, on an interim basis [Docket Number 85]. Applicant requests that the prior award of fees and expenses be approved on a final basis.

12. At the time of filing of this Application, there is approximately $139,581.89 in the estate.

WHEREFORE, PREMISES CONSIDERED, Applicant respectfully prays that the attorney's fees and expenses set forth herein be allowed as an administrative claim, the Trustee be authorized to pay Applicant all such amounts and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

*/s/ Marc Douglas Myers*

Marc Douglas Myers
Ross, Banks, May, Cron & Cavin, P.C.
SBN 00797133
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com
COUNSEL FOR THE TRUSTEE

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2026, a true and correct copy of the foregoing was sent via regular US mail to the Debtor(s), counsel for the Debtor(s), the Trustee, counsel for the Trustee and the US Trustee, unless otherwise served by the CM-ECF system.

*/s/ Marc Douglas Myers*

Marc Douglas Myers

Daniel J. Ciment
Amy Clark
221 Bella Katy Drive
Katy, TX 77494-6821

Justin Michael Whitworth
1318 W Forest Drive
Houston, TX 77043-4537

Randy W Williams
7924 Broadway, Suite 104
Pearland, TX 77581-7933

US Trustee
515 Rusk Ave., Ste 3516
Houston, TX 77002-2604

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
March 06, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE** | § | |
| | § | **CASE NO. 24-34840** |
| **JUSTIN MICHAEL WHITWORTH** | § | **CHAPTER 7** |
| | § | |
| **DEBTOR** | § | **JUDGE MARVIN ISGUR** |

**ORDER GRANTING TRUSTEE'S APPLICATION TO EMPLOY GENERAL COUNSEL**

(Docket # 27)

The Court, having considered the Trustee's Application to Employ General Counsel pursuant to 11 U.S.C. § 327(a), is of the opinion that the requested relief is in the best interest of the estate and its creditors; that Ross, Banks, May, Cron & Cavin P.C. and Marc Douglas Myers (collectively "Ross Banks") represent no interest adverse to the estate in the matters upon which Ross Banks is to be engaged and is a disinterested person within the definition of 11 U.S.C. § 101(14); and that the application should be approved. Accordingly, it is therefore

**ORDERED THAT:**

1. The Trustee's Application to Employ Ross Banks as general counsel pursuant to 11 U.S.C. § 327(a) is granted and the Trustee is authorized to employ Ross Banks to assist the Trustee as needed on the matters identified in the application.

2. Marc Douglas Myers is designated as attorney in charge for the representation by Ross Banks of the Trustee.

3. All applications for compensation for Ross Banks shall be filed with the Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules. Ross Bank shall give notice to all parties-in-interest to any proposed increase in the hourly rate to be charged for all services rendered.

Signed: March 06, 2025

Marvin Isgur
United States Bankruptcy Judge

*/s/ Marc Douglas Myers*

Marc Douglas Myers
Ross, Banks, May, Cron & Cavin, P.C.

SBN 00797133
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com
COUNSEL FOR THE TRUSTEE

**Ross, Banks, May, Cron & Cavin, P.C.**
7700 San Felipe, Suite 550
Houston, Texas 77063

Ph: 713-626-1200 Fax: 713-623-6014

Randy W. Williams, Chapter 7 Trustee
7924 Broadway, Suite 104
Pearland, Texas 77581

File #: 4665-132

Attention: Allison D. Byman, Chapter 7 Trustee

RE: 24-34840 – Justin Michael Whitworth

| DATE | DESCRIPTION | | HOURS | AMOUNT |
|---|---|---|---|---|
| 8/11/2026 | Administrative - Prepared motion to pay 2025 taxes nunc pro tunc. | MDM | 0.20 | $80.00 |
| 10/29/2026 | Administrative - Status report to client. | MDM | 0.30 | $120.00 |
| 11/2/2026 | Administrative - Status report to client. | MDM | 0.30 | $120.00 |
| 10/29/2025 | Asset Collection - Reviewed order approving auctioneer retention and auction process, correspondence to auctioneer (.1.), Debtors counsel and client advising of same and requesting interparty contact to facilitate turnover of firearms (.3). | MDM | 0.40 | $160.00 |
| 11/6/2025 | Asset Collection - Correspondence with Debtor's cousnel and auctioneer to faciitate turnover of guns to be auctioned. | MDM | 0.30 | $120.00 |
| 11/10/2025 | Asset Collection - Correspondence with auctioneer regarding status of receipt of guns (.1), prepared correspondence to Debtor's counsel regarding need to turn over firearms (.2). | MDM | 0.30 | $120.00 |
| 12/29/2025 | Asset Collection - Correspondence from client regarding recent payment received from Debtor (.1), correspondence to Debtor's counsel regarding same (.1). | MDM | 0.20 | $80.00 |
| 3/2/2026 | Asset Collection - Reviewed settlement agreement for action dates (.1), correspondence to Debtor's counsel regarding pending payment deadline (.1), reviewed response (.1). | MDM | 0.30 | $120.00 |
| 8/4/2026 | Asset Collection - Correspondence to client to confirm balance still due by Debtor under settlement. | MDM | 0.10 | $40.00 |
| 8/12/2026 | Asset Collection - Calculate amount still due under settlement (.2) and advised client of status (.3). | MDM | 0.50 | $200.00 |

| | | | | |
|---|---|---|---|---|
| 9/23/2026 | Asset Collection - Correspondence with client regarding balance due under Debtor settlement (.2), correspondence with Debtor's counsel regarding same (.2). | MDM | 0.40 | $160.00 |
| 9/29/2026 | Asset Collection - Back and forth correspondence with Debtor's counsel regarding closing of settlement. | MDM | 0.40 | $160.00 |
| 10/3/2026 | Asset Collection - Correspondence with client and opposing counsel regarding finalization of settlement. | MDM | 0.20 | $80.00 |
| 10/13/2026 | Claims - Reviewed claim no. 3 (.2), prepared form of stipulation/order to amend claim (.4), prepared correspondence to claimant representative re basis of trustees objection and request to voluntarily amend (.3). | MDM | 0.90 | $360.00 |
| 10/13/2026 | Claims - Prepared correspondence to representative of Dreamers Land & Minerals, which filed POC 2, requesting evidence of Debtors personal liability/withdrawal and amendment in event of evidence of personal liability | MDM | 0.50 | $200.00 |
| 10/13/2026 | Claims - Reviewed IRS claim (POC 21) (.2), prepared correspondence to creditor requesting amendment to unsecured status (.3). | MDM | 0.50 | $200.00 |
| 10/14/2026 | Claims - Conferred with IRS representative regarding issues with claim (.3), advised client (.1). | MDM | 0.40 | $160.00 |
| 10/29/2026 | Claims - Reviewed correspondence from counsel for claimant on POC 2 (.2), prepared response (.1). | MDM | 0.30 | $120.00 |
| 11/4/2026 | Claims - Correspondence with counsel for Dreamers Land and Minerals, creditor, regarding POC 2 (.2), prepared withdrawal form and provide (.2). | MDM | 0.40 | $160.00 |
| 11/7/2026 | Claims - Prepared objection to POC 2 (.5), affidavit (.3) and order (.1). | MDM | 0.90 | $360.00 |
| 11/13/2026 | Claims - Prepared objection to claim no. 2 | MDM | 0.20 | $80.00 |
| 11/13/2026 | Fee Application - Prepared fee application (.9), coversheet (.2), notice (.1) and order (.1). | MDM | 1.30 | $520.00 |
| | | **Subtotal** | 9.30 | $3,720.00 |

| **Fee Summary** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|
| Marc Myers | 9.3 | $400.00 | $3,720.00 |

**EXPENSES**

| | |
|---|---|
| Postage | $63.60 |

| | | |
|---|---|---|
| pay invoice Dated November 19, 2025 - JVL Acct - MDM Mailing Service | | $42.78 |
| pay invoice Dated 8/19/2026 - JVL Acct - MDM Mailing Service | | $53.36 |
| pay invoice Dated 10/19/2026 - JVL Acct - MDM Mailing Service | | $53.36 |
| | **Total** | $213.10 |

| | |
|---|---|
| **Total Fees** | $3,720.00 |
| **Total Expense** | $213.10 |
| **Total Invoice** | $3,933.10 |

**SUMMARY OF TASKS**

| **Task** | | Hours | Total |
|---|---|---|---|
| ADMIN | Administrative | 0.80 | $320.00 |
| ASCL | Asset Collection | 3.1 | $1,240.00 |
| CLMS | Claims | 4.1 | $1,640.00 |
| FEE | Fee Application | 1.3 | $520.00 |
| | **Total** | **9.30** | **$3,720.00** |